22558

Wyatt HUNTER, deceased, Mary Hunter, widow, Robert Lee Hunter, Sally May Hunter, George Hunter, John Ernest Hunter, and Keath Hunter, Appellants v. PATRICK CONSTRUCTION COMPANY, Employer, and Employers Insurance of Wausau, Insurer, Respondents.

(344 S. E. (2d) 613)

Supreme Court

*Harry C. Wilson, Jr.,* of *Lee, Wilson, Erter & Booth,* Sumter, *for appellants.*

*Paul B. Rodgers, III,* of *Robinson, McFadden, Moore, Pope, Williams, Taylor & Brailsford,* Columbia, *for respondents.*

Heard April 22, 1986.

Decided May 27, 1986.

GREGORY, Justice:

In this Worker's Compensation action, the Full Commission reversed the Hearing Commissioner's award of compensation to the beneficiaries of a deceased employee. The Circuit Court affirmed the Full Commission, and the beneficiaries appeal. We affirm.

The *only* issue in this appeal is whether the decision of the Full Commission is supported by substantial evidence. *Lark v. Bi-Lo, Inc.,* 276 S. E. 130, 276 S. E. (2d) 304 (1981). The Commission, not this Court, is the factfinder. It is not within our province to reverse findings supported by substantial evidence.

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. This is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Lark v. Bi-Lo, Inc.,* 276 S. C. at 136, 276 S. E. (2d) at 307.[1]

---

[1] In the instant case, since the Hearing Commissioner and the Full Commission reached different conclusions, it is important to emphasize their respective functions. The Hearing Commissioner, although a factfinder, is primarily concerned with gathering evidence. The Full Commission, however, is not bound by these findings of fact, and may make its own findings and reach its own conclusions of law either consistent or inconsistent with those of the single commissioner. *Green v. Raybestos-Manhatten, Inc.,* 250 S. C. 58, 156 S. E. (2d) 318 (1967). Thus, in contested cases, the Full Commission serves as the ultimate fact-finder.

The evidence presented below was contradictory; however, the Commission's findings clearly were supported by substantial evidence. Therefore, analogous to a jury's findings of fact on disputed issues, the Commission's conclusions must be affirmed.[2]

The deceased died of a heart attack at home four days after his last day of work. He was employed as a cement finisher and had been performing his regular duties. The deceased obviously did not feel well at work a few days before his death; however, he did not seek medical attention, nor did he request to stop work. He ignored his supervisor's advice to work at his own pace.

The work performed by deceased was typical of cement finishing. He worked 8-10 hours per day. The job on which he was working, although short crewed, was not behind schedule, nor was it in a rush posture. Five days before his death,. the crew's lunch break was either late or abbreviated which was not unusual. Based on the testimony of a state climatologist, it was concluded that the temperature when the deceased last worked was not unusually or extraordinarily high.

Based on these findings, the Commission concluded that the decedent's heart attack was not the result of unusual or extraordinary conditions of employment. *See Bridges v. Housing Authority, City of Charleston*, 278 S. C. 342, 295 S. E. (2d) 872 (1982). As the Circuit Court concluded, "[t]he substantial weight of evidence ... supports the finding that there was no causal connection between the work and the heart attack."

Accordingly, the order is

Affirmed.

NESS, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[2] In attacking these findings, appellants cite. arguably analogous factual situations. *See Walsh v. U. S. Rubber Company*, 238 S. C. 411, 120 S. E. (2d) 685 (1961); *Kearse v. S. C. Wildlife Resources Dept.*, 236 S. C. 540, 115 S. E. (2d) 183 (1960); *Ricker v. Village Management Corp.*, 231 S. C. 47, 97 S. E. (2d) 83 (1957). While, in most cases, factual comparisons are of limited value, it is important to note that in these cases, this Court sustained the Commission's factual findings regarding disputed facts.