### 23026

George Anna ROSS, Deceased Employee, Paula Ross, Daughter, Mr. and Mrs. G. W. Mason, Parents, Respondents v. AMERICAN RED CROSS, Employer, and The Travelers Insurance Company, Carrier, Appellants.

(381 S. E. (2d) 728)

Supreme Court

*Ernest G. Lawhorne,* of *Nauful & Ellis, P.A.,* Columbia, *for appellants.*

*Sally M. Walker,* Columbia, *for respondents.*

Heard Jan. 23, 1989.

Decided June 5, 1989.

CHANDLER, Justice:

American Red Cross (Employer) appeals a Circuit Court reversal of a Workers' Compensation Commission Order denying death benefits to Respondent beneficiaries of a deceased employee, George Anna Ross. Employer contends that the Full Commission's findings of fact are supported by substantial evidence, and, therefore, its decision must be affirmed. We agree.

## FACTUAL BACKGROUND

Ross was employed as a nurse for the collection of blood from donors. On January 9 she reported to work at 11:00 a.m. and, although an asthmatic, exhibited no unusual breathing difficulties throughout the day.

After dining at a nearby restaurant in mid-afternoon, Ross worked until approximately 7:00 p.m. Shortly prior thereto her daughter, Paula, and Paula's boyfriend, Chris Galuskin, arrived, at which time Ross was experiencing an asthma attack. A co-worker who observed her outside the building suggested she go home.

After being at home for a short time, Ross' condition worsened. She was then taken to the emergency room of a local hospital by Paula and Chris where, at approximately 7:50 p.m., she died from respiratory failure.

## PROCEDURAL BACKGROUND

Respondents filed a claim for benefits contending that Ross' death resulted from an asthma attack which, in turn, was precipitated by contact with a blood donor wearing very strong perfume. The Single Commissioner agreed and awarded benefits. The Full Commission reversed the award, holding that Respondents had failed to meet the burden of proving their claim. On petition for judicial review, Circuit Court reversed on the ground that there was a total lack of substantial evidence supporting the Full Commission's decision.

## ISSUE

The sole issue is whether the Order of the Full Commission is supported by substantial evidence.

## THE LAW APPLICABLE

Judicial review of a Workers' Compensation decision is governed by the "substantial evidence" provision of the Administrative Procedures Act. In applying this scope of review courts are guided by the following:

First, the Full Commission, as the ultimate factfinder, may make its own findings, adverse to those of the Single Commissioner. *Hunter v. Patrick Constr. Co.*, 289 S. C. 46, 344 S. E. (2d) 613 (1986); *Green v. Raybestos-Manhattan, Inc.*, 250 S. C. 58, 156 S. E. (2d) 318 (1967). The final determination of witness credibility and the weight to be accorded evidence is reserved to the Full Commission. *Ford v. Allied Chemical Corp.*, 252 S. C. 561, 167 S. E. (2d) 564 (1969).

Next, a reviewing court may not "substitute its judgment for that of the [Commission] as to the weight of the evidence on questions of fact." S. C. Code Ann. § 1-23-380(g) (1986). "[I]t is not the task of courts to weigh the evidence as found by the [C]ommission." *Ellis v. Spartan Mills*, 276 S. C. 216, 219, 277 S. E. (2d) 590, 591 (1981).

Finally, when factual findings are supported by substantial evidence, "analogous to a jury's findings of fact on disputed issues, the Commission's conclusions *must* be affirmed." *Hunter*, 289 S. C. at 48, 344 S. E. (2d) at 614. [Emphasis supplied.] "Substantial evidence is evidence

which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the [Commission] reached to justify its action." *Howell v. Pacific Columbia Mills*, 291 S. C. 469, 471, 354 S. E. (2d) 384, 385 (1987).

## DISCUSSION

Respondents offered Paula's testimony in support of their contention that Ross' severe breathing problems were brought on by exposure to a woman "bathed in perfume." Employer countered with testimony from several of Ross' co-workers that they noticed no one wearing strong perfume, and that at no time did Ross complain to them about her contact with such a person.

Moreover, expert medical witnesses testified to causes of the asthma attack, other than contact with strong perfume.

Dr. Ben Miller, an internal specialist who had treated Ross since her childhood, stated that "[i]n her case so often infection was the thing that brought on her attacks."

According to Dr. Richard Bogan, a specialist in pulmonary medicine, obesity may be a significant factor in causing a severe asthma attack. Here, Ross was medically obese, weighing in excess of 200 pounds.

Dr. Bogan testified, further, concerning the effect of cold air upon an asthmatic onset:

Q. Assume for the purpose of this question, that Mrs. Ross ... had in fact been outside, this is January 9th, 1986, in the wintertime, can the change in temperature cause wheezing or an asthmatic attack as well?

A. By all means, that's—cold air exposure is well known to produce bronchospasm, so anytime you cool the airway, a lot of asthmatics have difficulty in the winter months because of cold air exposure.

Finally, Dr. Bogan emphasized the impact of stress and anxiety upon breathing difficulties in asthmatics. According to her family doctor, Dr. William Yates, Ross, at the time of her death, was suffering from stress related to financial troubles and a pending divorce, all of which was exacerbated by her anticipated remarriage and move to Oklahoma. As recently as two weeks before her death she had received treatment from Dr. Yates for anxiety and manic depression.

## CONCLUSION

It is clear from the record that the decision of the Full Commission is supported by substantial evidence. Accordingly, the Circuit Court exceeded its scope of review.

Reversed.

GREGORY, C. J., and HARWELL, FINNEY and TOAL, JJ., concur.