THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Johnny Mosley,
 Employee, Respondent,
 
 
 

v.

 
 
 
 MeadWestvaco,
 Inc., Employer, and S.C. Chamber of Commerce Manufacturers, SIF, Insurers, Petitioners,
 of whom
 MeadWestvaco, Inc., Employer, is the
 Appellant.
 
 
 

Appeal From Charleston County
J. C. Buddy Nicholson, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2008-UP-073
Submitted January 2, 2008  Filed February
 4, 2008  
AFFIRMED

 
 
 
 Kirsten Leslie Barr, of Mt. Pleasant, for Appellant.
 Waring S. Howe, of Charleston, for Respondent.
 
 
 

PER CURIAM:  In
 this workers compensation action, MeadWestvaco appeals from an order of the
 circuit court affirming a finding of the Appellate Panel of the South Carolina
 Workers Compensation Commission (the Commission) that Johnny Mosleys hip
 injuries were work-related and rendered him totally disabled.  We affirm.
FACTS
On December 1, 1998, Johnny Mosley
 suffered an injury while working for Westvaco, now MeadWestvaco.  On this date,
 Mosley felt a pulling sensation in his back and down his leg while removing
 railroad spikes.  Mosley subsequently claimed the injury was work-related, and
 the claim was litigated.    
The
 matter was tried before the single commissioner of the Workers Compensation
 Commission in August of 2000.  In an order filed in December of 2000, the
 single commissioner found Mosleys injury was the unexpected and unlooked for
 result of work activity, and therefore was compensable.  The single
 commissioner ordered MeadWestvaco to pay temporary total disability benefits
 and causally related medical care.  In April of 2001, the Commission affirmed
 the single commissioners findings and also adopted those findings by
 reference.  This order was not appealed further.  
On August 16, 2001, Mosley sought the opinion and care of an
 orthopedic surgeon to address his physical ailments.  Dr. Howard Brilliant, an
 orthopedic surgeon, ultimately diagnosed Mosley as having osteoarthritis in his
 hips.  On May 13, 2003, Mosley underwent hip replacement surgery for his left
 hip, performed by Dr. Brilliant.
On April 9, 2004 MeadWestvaco filed a form requesting a hearing to
 address several issues regarding its liability for Mosleys medical treatment
 and disability.  On June 22, 2004, the single commissioner heard evidence
 regarding, among other matters, whether Mosley was permanently and totally
 disabled and whether his hip injuries were causally related to the December 1,
 1998 accident.  The single commissioner found: 1) Mosleys hip injuries were
 causally related to the December 1, 1998 accident as established by credible
 expert medical testimony and 2) Mosley was permanently and totally disabled due
 to the combination of his back and hip injuries.  The single commissioner
 ordered MeadWestvaco to pay all lifetime medical expenses related to these
 injuries and permanent and total disability benefits to Mosley.     
MeadWestvaco appealed the single commissioners findings to the
 Commission.  The Commission affirmed the single commissioners decision in full
 and adopted the single commissioners findings by reference.  Thereafter,
 MeadWestvaco appealed to the circuit court, arguing there was not substantial
 evidence to support the Commissions findings.  The circuit court affirmed the
 Commissions decision, and this appeal followed.  
STANDARD OF REVIEW
The
 Administrative Procedures Act establishes our standard of review for decisions
 by the South Carolina Workers Compensation Commission as the substantial
 evidence standard.  Lark v. Bi-Lo, Inc., 276 S.C. 130, 135, 276 S.E.2d
 304, 306 (1981).  An appellate court may reverse or modify the Commissions
 decision if the appellants substantial rights have been prejudiced because the
 decision is affected by an error of law or is clearly erroneous in view of the
 reliable, probative, and substantial evidence on the whole record.  Id. at 132-33, 276 S.E.2d at 305; see
 also S.C. Code Ann. § 1-23-380(A)(5)(d) & (e) (Supp. 2006).  Substantial
 evidence is not a mere scintilla of evidence nor evidence viewed from one side,
 but such evidence, when the whole record is considered, as would allow
 reasonable minds to reach the conclusion the Full Commission reached. Shealy
 v. Aiken County, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000).  
 
The
 Commission is the ultimate fact finder and is not bound by the single
 commissioners findings of fact.  Ross v. Am. Red Cross, 298 S.C.
 490, 492, 381 S.E.2d 728, 730 (1989).  The final determination of witness
 credibility and the weight to be given to the evidence is reserved to the
 Commission.  Id.  In an appeal from the Commission, this court may not
 substitute its judgment for that of the Commission as to the weight of the
 evidence on questions of fact.  Frame v. Resort Servs., Inc., 357 S.C.
 520, 527, 593 S.E.2d 491, 495 (Ct. App. 2004).  Accordingly, our review is
 limited to deciding only whether the Commissions decision is unsupported by
 substantial evidence or is controlled by some error of law.  Rodriguez v.
 Romero, 363 S.C. 80, 84, 610 S.E.2d 488, 490 (2005). 
LAW/ANALYSIS
I.  Mosleys Hip Injuries
Initially, Mosley
 suggests the unappealed order of April 14, 2001 requires MeadWestvaco to pay
 for Mosleys hip injuries.  We disagree, although we do recognize that
 MeadWestvaco has attempted in this action to relitigate the compensability of
 the underlying 1998 work related accident. 
The
 April 2001 order determined that Mosley suffered a compensable injury by
 accident arising out of and in the course of his employment on or around
 December 1, 1998.  The Commission found Mosley was entitled to medical care
 for his back and lower extremities and ordered MeadWestvaco to provide
 causally related medical treatment/care.  MeadWestvaco did not appeal the
 decision further; therefore, it is the law
 of the case and has been decided with absolute finality.  See Charleston Lumber Co. v. Miller Housing Corp., 338 S.C. 171,
 175, 525 S.E.2d 869, 871 (2000) (stating an unchallenged or unappealed ruling
 is the law of the case).
The
 full nature and extent of Mosleys injuries, however, had not fully been
 discovered at the time of the Commissions April 14, 2001 decision.   The
 evidence presented to the Commission showed that Mosley suffered from back and
 leg pain.   Mosleys doctors did not diagnose the osteoarthritis in his hips
 until August 2001.  The issue of whether these specific hip injuries were
 causally related to the December 1, 1998 accident was not before the
 Commission.  Therefore, although the Commissions finding that Mosley suffered
 a compensable injury from the December 1, 1998 accident is the law of the case,
 the issue of whether Mosleys hip injuries were causally related has not been determined
 with finality.  Accordingly, MeadWestvaco properly brought the matter before
 the Commission for determination, and we now turn to MeadWestvacos arguments
 on appeal.
MeadWestvaco
 first argues Mosley did not present substantial evidence to support a finding
 that Mosleys accident subsequently caused his hip injuries.  We disagree.  
 
Specifically,
 MeadWestvaco argues that the Commission erred in relying on the testimony of
 Dr. Brilliant, who testified Mosleys hip injuries were causally related to the
 December 1, 1998 accident.  In making this argument, MeadWestvaco asserts Dr.
 Brilliants expert opinion was based on nonexistent facts and therefore the
 probative value of his testimony is destroyed.    
As
 MeadWestvaco correctly points out, it is well settled that the probative value
 of expert testimony, based upon hypothetical facts, stands or falls on the
 existence or nonexistence of the facts upon which it is predicated.  Chapman
 v. Foremost Dairies, Inc.,  249 S.C. 438, 449, 154 S.E.2d 845,
 851 (1967).  The key issue for determining whether such testimony is
 probative, then, is whether the hypothetical facts relied upon by the expert
 witness are supported by evidence.  See id.  If the hypothetical
 facts are supported by evidence within the record, the probative value of the
 experts testimony is not destroyed.  Id.   
At
 his deposition, Dr. Brilliant testified made several assumptions in order to
 have an opinion to a reasonable degree of medical certainty as to how
 osteoarthritis developed in Mosleys hips.  He explained:

 The assumptions are that Mr. Mosley was indeed hurt at
 work in December and that since that time until I saw him over the three-year
 period that he had back and left leg pain.  That the pain wasnt --did not
 respond to the injections for his back.  Then I -- I feel pretty strongly that
 he got hurt at work.  

In
 arguing Dr. Brilliant based his testimony upon nonexistent facts, MeadWestvaco
 focuses on Dr. Brilliants assumption that Mosleys pain did not respond to the
 injections, pointing to multiple notations within Mosleys medical records
 indicating that his pain improved following the epidural steroid injections. 
 
While
 the notations in the medical records suggest the epidural steroid injections
 had some effect, there is evidence in the record which supports a conclusion
 that Mosleys pain did not respond to the injections because they did not
 provide an ultimate solution to Mosleys problem.  Indeed, Dr. Brilliant
 testified that he believed the December 1, 1998 accident caused Mosleys hip
 condition because he was working until he got hurt on that day and from that
 day on he continued to have problems.  Dr. Richardson, the physician who
 treated Mosley for his back injuries and administered the majority of the
 injections, testified these injections only temporarily reduced Mosleys pain
 so that he would need periodic injections for the foreseeable future.  Dr.
 Richardson also testified that aside from these injections, there was nothing
 else that he could do for Mosleys pain.  
Because
 there is evidence that supports Dr. Brilliants assumption that Mosleys back
 and leg pain did not respond to these injections, the probative value of his
 testimony is not destroyed, as MeadWestvaco argues.  The existence of
 evidence supporting a conclusion contrary to the Commissions findings does not
 mean the Commissions determination is unsupported by substantial evidence.  Ellis
 v. Spartan Mills, 276 S.C. 216, 218, 277 S.E.2d 590, 591 (1981).  The
 credibility and weight of the doctors testimony was, of course, for the
 Commission as the trier of facts.  See Chapman, 249 S.C. at 449,
 154 S.E.2d at 851 (citing McCarty v. Kendall Co., 238 S.C. 493, 120
 S.E.2d 860 (1961)).  Therefore, the Commission did not err in relying on Dr.
 Brilliants testimony that Mosleys hip injuries were causally related to the
 December 1, 1998 accident. 
II.  Permanent and Total Disability.
MeadWestvaco
 also argues the Commission erred in finding Mosley was permanently and totally
 disabled.  We disagree.  
A
 claimant may establish total disability in one of three ways under S.C. Code
 Ann. § 42-9-10 (Supp. 2006).  See Wigfall v. Tideland Utils., Inc.,
 354 S.C. 100, 105, 580 S.E.2d 100, 102 (2003).  First, a claimant may be
 presumptively totally disabled by showing a physical injury enumerated in section
 42-9-10. Id.  If the claimants injury is one of the enumerated
 injuries, the claimant need not show a loss of earning capacity.  Id.  Loss of earning capacity is conclusively presumed in such a situation
 because the Legislature has categorized certain types of injuries as per se totally disabling . . . .  Id.  Second, a claimant
 may establish total disability under section 42-9-10 by showing an injury
 diminished earning capacity to such an extent as to entitle the claimant to
 total disability.  Id.  It follows that in this scenario, a
 claimant bears the burden of proving lost earning capacity to establish total
 disability.  Third, a claimant may establish total disability through multiple
 physical injuries.  Id. at 106, 580 S.E.2d at 103.  Under this
 scenario a claimant who has a scheduled injury under section 42-9-30 must show
 an additional injury.  Id.    
A.  Combination of Injuries
MeadWestvaco
 first argues that Mosley suffered only a single scheduled injury under S.C.
 Code Ann. § 42-9-30 (1985 & Supp. 2006) and is therefore not entitled to
 benefits under section 42-9-10.  We disagree.
As
 discussed in the preceding section, there was substantial evidence to support
 the Commissions finding that Mosleys hip injuries were causally related to
 the December 1, 1998 accident.  In addition to these injuries, Mosleys back
 injuries have been established through the prior Commission decision of April 14,
 2001.  Accordingly, Mosleys situation falls under the third category for
 recovery pursuant to section 42-9-10, i.e., establishing total disability
 through multiple physical injuries.  Indeed, the single commissioner found
 Mosley is permanently and totally disabled because of the combination of
 injuries to the back and hips under section 42-9-10.  Because there is
 evidence in the record to support the conclusion Mosleys hip injuries were
 causally related to the December 1, 1998 accident, the Commissions finding
 that Mosley was entitled to recover under section 42-9-10 due to multiple
 injuries is also supported by substantial evidence.  Therefore, we may not
 disturb this finding on appeal.  
B.  Reasonable
 Efforts to Secure Employment
MeadWestvacos
 next argument is that Mosley failed to meet his burden of proving total
 disability because he did not make reasonable efforts to secure employment.  We
 note the issue of whether Mosley met his burden under the Act is not preserved
 for our review.  In order to be preserved for our review, an issue must be
 raised to and ruled upon by the trial court.  In re Michael H., 360 S.C.
 540, 546, 602 S.E.2d 729, 732 (2004) (An issue may not be raised for the first
 time on appeal.  In order to preserve an issue for appeal, it must be raised to
 and ruled upon by the trial court.); Lucas v. Rawl Family Ltd. Pship,
 359 S.C. 505, 510-11, 598 S.E.2d 712, 715 (2004) (It is well settled that, but
 for a very few exceptional circumstances, an appellate court cannot address an
 issue unless it was raised to and ruled upon by the trial court.).  Based on
 the trial record, we find MeadWestvaco failed to raise this issue to either the
 Commission or the circuit court for review, and consequently the issue was
 never ruled upon.  This issue is not preserved for our review.  
CONCLUSION
The judgment of the
 circuit court is 
AFFIRMED.
HEARN, C.J., and
 KITTREDGE and THOMAS, JJ., concur.