**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Danny B. Crane, Appellant,

v.

Raber's Discount Tire Rack, Employer, and South Carolina Uninsured Employers Fund, Carrier, Respondents.

Appellate Case No. 2015-002116

———————————

Appeal From The Workers' Compensation Commission

———————————

Unpublished Opinion No. 2018-UP-085
Submitted December 27, 2017 – Filed February 14, 2018

———————————

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

———————————

Stephen Benjamin Samuels, of Samuels Law Firm, LLC, of Columbia, and R. Steven Chandler, of R. Steven Chandler, LLC, of Bamberg, for Appellant.

Matthew Joseph Story and Leslie Brenna Boodry, both of Clawson & Staubes, LLC, of Charleston, for Respondent South Carolina Uninsured Employers Fund.

———————————

**PER CURIAM:** In this workers' compensation case, Danny B. Crane argues the Appellate Panel of the Workers' Compensation Commission (the Appellate Panel) erred in finding he (1) reached maximum medical improvement (MMI) on March 31, 2014; (2) was not entitled to future medical care; (3) was not a credible witness; (4) suffered no permanency from the injury; and (5) was not entitled to an award of total temporary disability benefits (TTD).

We affirm the Appellate Panel's findings regarding MMI, future medical care, Crane's credibility, and permanency because these findings were supported by substantial evidence in the record. *See Nicholson v. S.C. Dep't of Soc. Servs.*, 411 S.C. 381, 384, 769 S.E.2d 1, 2 (2015) ("On appeal from [the Appellate Panel], this [c]ourt can reverse or modify the decision if it is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence in the whole record."); *Fishburne v. ATI Sys. Int'l*, 384 S.C. 76, 85, 681 S.E.2d 595, 600 (Ct. App. 2009) ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (alteration in original) (quoting *Palmetto All., Inc. v. S.C. Pub. Serv. Comm'n*, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984))); *Ross v. Am. Red Cross*, 298 S.C. 490, 492, 381 S.E.2d 728, 730 (1989) ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the [Appellate Panel]."); *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 290, 599 S.E.2d 604, 611 (Ct. App. 2004) ("Whe[n] there are conflicts in the evidence over a factual issue, the findings of the Appellate Panel are conclusive.").

However, we reverse the Appellate Panel's denial of TTD because it was not supported by substantial evidence. In its order, the Appellate Panel based the denial of TTD on its belief that there were "no work excuse notes in the record entitling [Crane] to such benefits." However, the record contained a work excuse note from Carolina ENT indicating Crane was under treatment from March 6, 2014, to April 1, 2014, and would be able to return to work on April 1, 2014. Although the work excuse from Carolina ENT did not state that Crane could not perform his job duties because of the work-related injury, Carolina ENT physician Dr. John F. Ansley treated Crane for the work-related injury. In fact, Dr. Ansley saw Crane for the second Pure Tone Audiogram test on March 6, 2014, and instructed Crane to obtain more objective testing at the Medical University of South Carolina. Because Carolina ENT treated Crane for the compensable injury and provided a work excuse for Crane, we believe substantial evidence in the record does not support the Appellate Panel's finding that Crane was not entitled to TTD for the period of March 6, 2014, to the date he reached MMI. However, we note there is some evidence in the record that Crane returned to work after the

accident.  Therefore, we reverse the Appellate Panel's order regarding TTD and remand to the Appellate Panel to determine whether Crane was out of work as a result of the accident and whether he was entitled to TTD.

Accordingly, the order of the Appellate Panel is

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[1]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.