16584

TEIGUE v. APPLETON CO.
(68 S. E. (2d) 878)

*Messrs. Doyle & Doyle,* of Anderson, *for Appellant,* cite:

*Mr. R. L. Ballentine,* of Anderson, *for Respondent,* cites:

January 31, 1952.

TAYLOR, Justice.

This is a Workmen's Compensation case and the question presented is whether or not there was compliance on the part of claimant with Section 7035-25 and Section 7035-26 of the 1942 Code of Laws of South Carolina, the pertinent portions of which are:

"§ 7035-25. Accidents—injured employee, or representative give notice.—Every injured employee or his representative shall immediately on the occurrence of an accident, or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident, and the employee shall not be entitled to physician's fees nor to any compensation which may have accrued under the terms of this article prior to the giving of such notice, unless it can be shown that the employer, his agent or representative, had knowledge of the accident, or that the party required to give such notice had been prevented from doing so by reason of physicial or mental incapacity, or the fraud or deceit of some third person; but no compensation shall be payable unless such written notice is given within thirty days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the industrial commission for not giving such notice, and the commission is satisfied that the employer has not been prejudiced thereby.

"7035-26. Notice of accident—content—service.—The notice provided in the foregoing section shall state in ordinary language the name and address of the employee, the time, place, nature, and cause of the accident, and of the resulting injury or death; and shall be signed by the employee or by a person on his behalf, or in the event of his death, by any one or more of his dependents, or by a person in their behalf.

"No defect or inaccuracy in the notice shall be a bar to compensation unless the employer shall prove that his interest was prejudiced thereby, and then only to such extent as the prejudice.

"Said notice shall be given personally to the employer or any of his agents upon whom a summons in civil action may be served under the laws of the State, or may be sent by registered letter addressed to the employer at his last known residence or place of business."

Upon hearing of the cause before the single commissioner claimant testified that he worked only a few hours in 1947, about nineteen or twenty hours in 1948, and two and one-half days in 1949, at which time it is contended he received his injury, and that he had not worked more because he was suffering from a serious heart ailment. He further testified that on March 24, 1949, as a result of his request for employment, he had been assigned very light work which consisted of removing small rolls of cloth, weighing approximately thirty pounds, from a table and placing them on a small hand truck, pushing it about forty feet and unloading on the floor; that while pushing this truck across the floor it became overbalanced because of a depression in the floor and that while attempting to keep the truck from overturning felt a pain in the right side and groin. However, he pushed the truck to the proper place and unloaded it and found that he was suffering from shortness of breath. Mr. Temples, the second hand and his immediate boss, inquired if anything was wrong, to which he replied that he did not think he could make it and wished to go home. At

no time did he state that the truck had turned over or that he had strained himself in any way. Mr. Temples then designated one of his fellow workers to return claimant to his home. This was on Thursday. The following Monday, Claimant went to see Dr. H. H. Harris who ordered him to bed for several days. No history of any strain or injury was given to Dr. Harris and no claim was filed until July 4, 1949, approximately three and one-half months later. Claimant further testified that he told no one about his injury, not even his fellow employee who carried him to his home at the request of Mr. Temples.

Claimant's wife testified that on about Monday, March. 28, 1949, she told Mr. Temples that claimant had injured himself and was having shortness of breath and consequently could not report for work, but even though given many opportunities through leading questions she at no time would say that claimant had received his injury as an employee of appellant.

Appellant denied that claimant had sustained an injury from an accident arising out of and in the course of his employment and moved for a nonsuit and dismissal of claimant's case on the grounds that claimant had failed to prove that there had been a proper reporting of this alleged accident as required under Section 7035-25 and Section 7035-26. The motion for nonsuit and dismissal of the case was granted by the Hearing Commissioner, and on June 25, 1950, the Industrial Commission unanimously affirmed the Hearing Commissioner. An appeal was taken from this order to the Circuit Court and on March 31, 1951, an order was filed reversing the Industrial Commission on the grounds that this State is committed to the policy of liberal construction in Workmen's Compensation matters and claimant had substantially complied with Section 7035-25 and Section 7035-26 of the 1942 Code of Laws of South Carolina.

The employer now appeals to this Court contending that the Circuit Court erred in that there was no compliance by

claimant with the provisions of Section 7035-25 and Section 7035-26 of the 1942 Code of Laws of South Carolina.

It is well established that this Court is· committed to a liberal construction of the Workmen's Compensation Act, but such liberality will not be indulged to such an extent as to do violence to the provisions of the Act in such a way as to change its meaning. In *Wallace v. Campbell Limestone Company*, 198 S. C. 196, 17 S. E. (2d) 309, it was held that effect must be given to the limitations written in the act and the wisdom of them is manifest when reflection is had upon the difficulties which could be faced by employers and their insurance carriers in resisting long delayed demands.

It is contended that Mrs. Teigue, wife of the claimant, stated to Mr. Temples, "I told him my husband hurt himself on the right side and around his heart", that this was substantial compliance with the statute and that the employer therefore could not claim prejudice because of notice in fact. "An employer cannot claim prejudice because the notice of injury required by the Act was not given where he had full notice in fact. But the employer's knowledge of the fact that an employee became ill while at work does not necessarily, of itself, charge the employer with notice that such illness constituted or resulted in a compensable injury." 58 Am. Jur., Section 384, page 831. See also notes in 92 A. L. R. 514, 107 A. L. R. 826, 145 A. L. R. 1293.

The very recent case of *Mintz v. Fiske-Carter Const. Co.*, 218 S. C. 409, 63 S. E. (2d) 50, 52, is very illuminating on the question presented here:

" '* * * But no compensation shall be payable unless such written notice is given within thirty days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the industrial commission for not giving such notice, and the commission is satisfied that the employer had not been prejudiced thereby' is plain

and mandatory. The commission made no findings of 'reasonable excuse' or absence of prejudice to the employer and clearly could not do so in view of the contents of the record, to which we have made some reference. In addition it should be said that it affirmatively shows handicap of the employer in presenting its defense, because of the absence of earlier notice than six months.

"* * * The subject of the requirement of notice of accident is treated at length in 71 C. J. 976 *et seq.,* where it is said at the outset of the discussion that the required notice is not to be treated as a mere formality or technicality and dispensed with as a matter of course, which seems to have been done here by the commission. It is also the subject of a series of valuable annotations in American Law Reports, the last in 145 A. L. R. 1263. It is concluded there, upon many authorities, that the provision for notice should be liberally construed in favor of claimants, but there are limitations upon that rule and the statutory requirement cannot be disregarded altogether. Its purpose is at least twofold; first, it affords protection of the employer in order that he may investigate the facts and question witnesses while their memories are unfaded, and second, it affords the employer opportunity to furnish medical care of the employee in order to minimize the disability and consequent liability upon the employer."

The Commission not only found as a matter of fact that no report had been made in conformity with the Sections of the Workmen's Compensation Act, heretofore referred to, but they also found as a fact that claimant gave no reasonable excuse for failing to make such report and that the rights of the appellant had been prejudiced thereby.

It has long since been well established that the Industrial Commission is the fact-finding body and this Court and the Circuit Court both being Appellate Courts in Workmen's Compensation matters can only review the facts to determine whether or not there is any

competent evidence to support the findings of the fact-finding body. If there is, the Courts are without power to pass upon the force and effect of such evidence. An award may of course be reversed if there is an absence of any competent evidence to support it, but in Workmen's Compensation cases the Courts are not the triers of facts. If the facts proved are capable as a matter of law of sustaining the inference of fact drawn from them by the Industrial Commission, its findings are conclusive in the absence of fraud and neither this Court nor the Court of Common Pleas is at liberty to interfere with them. *Anderson v. Campbell Tile Co.,* 202 S. C. 54, 24 S. E. (2d) 104; *Crawford v. Town of Winnsboro,* 205 S. C. 72, 30 S. E. (2d) 841; *Lanford v. Clinton Cotton Mills,* 204 S. C. 423, 30 S. E. (2d) 36; *Strawhorn v. J. A. Chapman Const. Co.,* 202 S. C. 43, 24 S. E. (2d) 116; *Cokeley v. Robert Lee, Inc.,* 197 S. C. 157, 14 S. E. (2d) 889; *Shehane v. Springs Cotton Mills,* 206 S. C. 334, 34 S. E. (2d) 180; *Green v. Grinnell Co.,* 213 S. C. 116, 48 S. E. (2d) 644; *White v. Carolina Power & Light Co.,* 215 S. C. 25, 53 S. E. (2d) 872; *Buff v. Columbia Baking Co.,* 215 S. C. 41, 53 S. E. (2d) 879; *Schrader v. Monarch Mills,* 215 S. C. 357, 55 S. E. (2d) 285.

The record discloses that there is ample evidence to support the findings of the Industrial Commission and hence we are of the opinion that the order of the Circuit Court should be reversed and Is Is So Ordered.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.