562 S.E.2d 679

**Sandra G. ETHEREDGE, Employee, Appellant,**

v.

**MONSANTO COMPANY, Employer,**

and

**Pacific Employers Insurance Co. n/k/a Cigna Property & Casualty Co., Respondents.**

No. 3470.

Court of Appeals of South Carolina.

Heard March 7, 2002.
Decided April 1, 2002.
Rehearing Denied May 15, 2002.

452

Hardwick Stuart, Jr., of Berry, Quackenbush & Stuart, of Columbia, for appellant.

H. Mills Gallivan and Deborah Casey Brown, both of Gallivan, White & Boyd, of Greenville, for respondents.

ANDERSON, J.

In this workers' compensation case, claimant Sandra Etheredge appeals the Circuit Court's denial of her claim for benefits. Etheredge argues the Circuit Court erred in finding she did not provide her employer with timely notice of her injury pursuant to S.C.Code Ann. § 42–15–20. We reverse.

## FACTS/PROCEDURAL HISTORY

Etheredge began working with Monsanto Company/Solutia ("Solutia") in 1996 as a draw/twist operator. In 1997, she was reassigned as a draw/wind operator, where she worked for the remainder of her employment with Solutia and where she contends her medical problems started.

On August 4, 1998, Etheredge saw her family physician, Dr. Deborah Grate, with complaints of chest pain. In her records, Dr. Grate noted "[Etheredge] has been having this problem off and on for approximately the p[ast] year since the beginning of the job." Etheredge again visited Dr. Grate on August 18, 1998. On that date, Dr. Grate prepared the following statement addressed to Etheredge's supervisor:

Ms. Sandra Etheredge has acute muscles [sic] strain and spasms of her neck and shoulder muscles. Having to do overhead work aggrevates [sic] her problems because these are the muscles groups that are used. She may return to work doing a job which does not require her to raise arm

[sic] above the level of her shoulders. She has been referred to physical therapy.

Tracy Williamson, a Solutia nurse, testified the normal procedure for an injured employee regarding forwarding medical information to Solutia about injuries was to give the information directly to a company nurse, put it in one of the company's drop boxes, or fax it to a specially designated facsimile machine. It was a practice of Solutia to accept faxes from doctors' offices and that is what Solutia instructed its employees to have arranged. Williamson received Dr. Grate's letter via facsimile on August 19, 1998. She testified "[Dr. Grate's] statement released [Etheredge] back to work in a position that [did] not require her to raise her arms above the level of her shoulders. And I made a work accommodation for her and brought her back to work at that time."

The Workers' Compensation Commissioner found Etheredge sustained a compensable injury by accident arising out of and in the course of her employment. The Commissioner further determined "[n]otice was given within ninety (90) days as required by statute when the Employer on August 19, 1998 received Dr. Grate's letter of August 18, 1998, which indicated that the work was, at the least, aggravating the neck and shoulder muscles." The Appellate Panel of the Workers' Compensation Commission affirmed the decision of the Single Commissioner. On appeal, the Circuit Court affirmed the Appellate Panel's finding Etheredge had sustained an injury by accident arising out of and in the course of her employment, but reversed the Panel's findings that Etheredge had provided timely notice to her employer as required by statute. Etheredge appeals. We reverse.

### STANDARD OF REVIEW

The Full Commission is the ultimate fact finder in Workers' Compensation cases and is not bound by the Single Commissioner's findings of fact. *See Ross v. American Red Cross*, 298 S.C. 490, 381 S.E.2d 728 (1989); *see also Hoxit v. Michelin Tire Corp.*, 304 S.C. 461, 405 S.E.2d 407 (1991) (Full Commission is fact finder and it is not within the appellate court's province to reverse Commission's findings if they are supported by substantial evidence). Although it is logical for

the Full Commission, which did not have the benefit of observing the witnesses, to give weight to the Single Commissioner's opinion, the Full Commission is empowered to make its own findings of fact and to reach its own conclusions of law consistent or inconsistent with those of the Single Commissioner. *McGuffin v. Schlumberger–Sangamo,* 307 S.C. 184, 414 S.E.2d 162 (1992); *see also Brayboy v. Clark Heating Co.,* 306 S.C. 56, 409 S.E.2d 767 (1991) (Full Commission may review award of Single Commissioner and make its own findings of fact and conclusions of law). The final determination of witness credibility and the weight to be accorded evidence is reserved to the Full Commission. *Ross,* 298 S.C. at 492, 381 S.E.2d at 730; *Rogers v. Kunja Knitting Mills, Inc.,* 312 S.C. 377, 440 S.E.2d 401 (Ct.App.1994). Where there are conflicts in the evidence over a factual issue, the findings of the Commission are conclusive. *Rogers,* 312 S.C. at 380, 440 S.E.2d at 403; *see also Stokes v. First Nat'l Bank,* 306 S.C. 46, 410 S.E.2d 248 (1991) (regardless of a conflict in the evidence, either of different witnesses or of the same witness, a finding of fact by the Commission is conclusive).

The findings of the Commission are presumed correct and will be set aside only if unsupported by substantial evidence. *Hicks v. Piedmont Cold Storage, Inc.,* 335 S.C. 46, 515 S.E.2d 532 (1999); *Medlin v. Upstate Plaster Serv.,* 329 S.C. 92, 495 S.E.2d 447 (1998); *Rodney v. Michelin Tire Corp.,* 320 S.C. 515, 466 S.E.2d 357 (1996); *see also Baggott v. Southern Music, Inc.,* 330 S.C. 1, 496 S.E.2d 852 (1998) (decision of Workers' Compensation Commission will not be overturned by reviewing court unless it is clearly unsupported by substantial evidence in the record); *Smith v. Squires Timber Co.,* 311 S.C. 321, 428 S.E.2d 878 (1993) (under the applicable scope of review, Commission's denial of Workers' Compensation benefits must be affirmed if supported by substantial evidence in the record). It is not within this Court's province to reverse findings of the Commission that are supported by the evidence. *Hunter v. Patrick Constr. Co.,* 289 S.C. 46, 344 S.E.2d 613 (1986); *see also Muir v. C.R. Bard, Inc.,* 336 S.C. 266, 519 S.E.2d 583 (Ct.App.1999) (appellate court must affirm findings of fact made by Commission if they are supported by substantial evidence). The appellate court is prohibited from overturning findings of fact of the

Commission, unless there is no reasonable probability the facts could be as related by the witness upon whose testimony the finding was based. *Cline v. Nosredna Corp.*, 291 S.C. 75, 352 S.E.2d 291 (Ct.App.1986); *Lowe v. Am–Can Transport Servs.*, 283 S.C. 534, 324 S.E.2d 87 (Ct.App.1984).

■ A court "may not substitute its judgment for that of any agency as to the weight of the evidence on questions of fact unless the agency's findings are clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." *Tiller v. National Health Care Ctr. of Sumter*, 334 S.C. 333, 339, 513 S.E.2d 843, 845 (1999) (citation omitted); *see also Clade v. Champion Labs.*, 330 S.C. 8, 496 S.E.2d 856 (1998); *Medlin v. Upstate Plaster Serv.*, 329 S.C. 92, 495 S.E.2d 447 (1998). "Substantial evidence is 'not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action.'" *Miller v. State Roofing Co.*, 312 S.C. 452, 454, 441 S.E.2d 323, 324–25 (1994) (citation omitted); *see also Stokes v. First Nat'l Bank*, 306 S.C. 46, 410 S.E.2d 248 (1991); *Tiller*, 334 S.C. at 338, 513 S.E.2d at 845. A court may reverse or modify the Commission's decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are affected by other error of law. *Stephen v. Avins Constr. Co.*, 324 S.C. 334, 478 S.E.2d 74 (Ct.App.1996); S.C.Code Ann. § 1–23–380(A)(6)(d) (Supp.2001).

### *LAW/ANALYSIS*

■ Etheredge argues the Circuit Court erred in finding Dr. Grate's letter did not provide timely notice to her employer of her workers' compensation claim. We agree. This Court finds Dr. Grate's note, combined with the other facts and circumstances surrounding the situation, gave Solutia the required statutory notice.

The statutory notice requirements are provided in § 42–15–20 as follows:

Every injured employee or his representative shall immediately on the occurrence of an accident, or as soon thereaf-

ter as practicable, give or cause to be given to the employer a notice of the accident and the employee shall not be entitled to physician's fees nor to any compensation which may have accrued under the terms of this Title prior to the giving of such notice, unless it can be shown that the employer, his agent or representative, had knowledge of the accident or that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity or the fraud or deceit of some third person. No compensation shall be payable unless such notice is given within ninety days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby.

For adequate notice, there must be "some knowledge of accompanying facts connecting the injury or illness with the employment, and indicating to a reasonably conscientious manager that the case might involve a potential compensation claim." *Larson's Workers' Compensation Law* § 126.03[1][b] (2001) (footnotes omitted). "Generally, in order that the knowledge be imputed to the employer, the person receiving it must be in some supervisory or representative capacity, such as foreman, supervisor ... physician, or nurse." *Id.* at § 126.03[2][a] (footnotes omitted). In the instant case, Williamson admitted she received Dr. Grate's note within the 90 days required by statute. Because of Williamson's position as company nurse, her knowledge is imputed to Solutia.

The Circuit Court relied in part on *Clade v. Champion Laboratories,* 330 S.C. 8, 496 S.E.2d 856 (1998), in support of its decision. This was error. The issue in *Clade* was whether the Commission's decision that the claimant's injury did not arise out of her employment was supported by substantial evidence. The *Clade* Court did not address whether the notice was timely as required by § 42–15–20.

In *Hanks v. Blair Mills,* 286 S.C. 378, 335 S.E.2d 91 (Ct.App.1985), at issue was whether the claimant had given notice within 90 days as required by statute. This Court found claimant's employer was put on notice based on the claimant's medical and work history and by a letter from the

company doctor, which stated the claimant was suffering from chronic lung disease and recommended a transfer to an area having a dust level at or below the permissible exposure limits. The Court stated: "[T]he object [of providing timely notice under § 42–15–20] being that an employer be actually put on notice of the injury so he can investigate it immediately after its occurrence and can furnish medical care for the employee in order to minimize the disability and his own liability." *Id.* at 381, 335 S.E.2d at 93 (citing *Teigue v. Appleton Co.*, 221 S.C. 52, 68 S.E.2d 878 (1952)).

■ The provisions of § 42–15–20 regarding notice should be liberally construed in favor of claimants. *Mintz v. Fiske–Carter Constr. Co.*, 218 S.C. 409, 63 S.E.2d 50 (1951). In *Mintz,* our Supreme Court held:

> It is concluded there, upon many authorities, that the provision for notice should be liberally construed in favor of claimants, but there are limitations upon that rule and the statutory requirement cannot be disregarded altogether. Its purpose is at least twofold; first, it affords protection of the employer in order that he may investigate the facts and question witnesses while their memories are unfaded, and second, it affords the employer opportunity to furnish medical care of the employee in order to minimize the disability and consequent liability upon the employer.

*Id.* at 414, 63 S.E.2d at 52 (citations omitted).

The parties stipulated that the only possible documentation that could be construed as notice within the ninety days required by statute is Dr. Grate's letter. We find the employer received timely notice in the form of the letter from Dr. Grate, just as the employer did in *Hanks.* Dr. Grate's letter was in addition to Etheredge's known work history as a draw/wind operator, which required her to lift heavy spools above her head. This notice afforded the employer an opportunity to investigate and question witnesses while their memories were unfaded and also afforded the employer an opportunity to furnish medical care to the employee. We find this notice sufficient, especially in light of the liberal construction our Supreme Court requires of workers' compensation provisions for notice.

## CONCLUSION

The statutory efficacy of § 42–15–20 is bifurcated: (1) affording protection for the employer to investigate the facts and circumstances of an accident or injury and to question witnesses while memories are fresh; and (2) permitting the employer the opportunity and privilege to provide medical treatment and care to minimize disability and concomitant liability of the employer.

We rule the language of § 42–15–20 in regard to notice should be liberally construed in favor of claimants. We conclude that notice is adequate, when there is some knowledge of accompanying facts connecting the injury or illness with the employment, and signifying to a reasonably conscientious supervisor that the case might involve a potential compensation claim.

**REVERSED.**

CURETON and GOOLSBY, JJ., concur.