THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Newby Frank Lee, Employee,       
Respondent,
 
 
 

v.

 
 
 
H. R. Allen, Employer, and the Continental Casualty Company, Carrier,       
Appellants.
 
 
 

Appeal From Newberry County
James W. Johnson, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-356
Submitted March 26, 2003 - Filed May 
 21, 2003

AFFIRMED

 
 
 
James P. Newman, Jr., Esquire
Andrew E. Haselden, of Columbia; for Appellants
John F. Hardaway, of Columbia; for Respondent.
 
 
 

PER CURIAM:  H.R. Allen, Employer, and the Continental Casualty Company, 
 Carrier (collectively, Employer) appeal the order of the circuit court affirming 
 the South Carolina Workers Compensation Commissions award of temporary total 
 disability benefits to Newby Frank Lee.  We affirm.  
FACTUAL/PROCEDURAL BACKGROUND
Lee began working with Employer as an electricians 
 helper in June of 1998.  His job involved climbing ladders to install pipe and 
 fixtures.  Lee testified that when he began having to climb ladders for the 
 job, he experienced some soreness like a pulled muscle.  Then, around May 12, 
 1999, he was climbing a ladder while holding a fixture when he felt a pop 
 in his hip.  He asked another worker, Roy Johnson, to finish installing the 
 fixtures.  When Moe Zandi, the foreman on the job, asked him why Johnson was 
 doing his job, Lee told him about his injury.  On the way home that evening, 
 Lee was unable to get out at the store.  He asked Henry Hickson, with whom he 
 was riding, to get him a drink and a couple of packs of cigarettes.  
Lee tried to treat the pain with Advil, rubs, and 
 hot showers.  At the beginning of June, he went to his family doctor, Michael 
 J. Bernardo, who placed him on limited duties at work for a week.  He was later 
 referred to Dr. Phillip Milner, with Orthopedic Associates.  Dr. Milner diagnosed 
 Lee as having osteoarthritis of the right hip.  Dr. Milner opined, The question 
 does arise whether his particular work was responsible for his osteoarthritis, 
 but without a history of trauma, I doubt if the work had a significant play 
 in his degeneration.  I believe the heavy work simply aggravated his arthritic 
 hip to the point where it was symptomatic.  
In September of 1999, Lee filed a Form 50 seeking 
 workers compensation benefits.  The Single Commissioner held Lee failed to 
 prove a compensable work related injury and denied his claim.  The Full Commission, 
 however, reversed the decision of the Single Commissioner and awarded Lee temporary 
 total benefits.  The circuit court affirmed the order of the Full Commission, 
 finding its decision was supported by substantial evidence.  This appeal followed.  

STANDARD OF REVIEW
The Administrative Procedures Act establishes the standard 
 of review for decisions by the South Carolina Workers Compensation Commission.  
 Lark v. Bi-Lo, 276 S.C. 130, 276 S.E.2d 304 (1981).  This court can reverse 
 or modify the Full Commissions decision only if the appellants substantial 
 rights have been prejudiced because the decision is affected by an error of 
 law or is clearly erroneous in view of the reliable, probative, and substantial 
 evidence on the whole record.  Shealy v. Aiken County, 341 S.C. 448, 
 535 S.E.2d 438 (2000); S.C. Code Ann. § 1-23-380(A)(6) (Supp. 2002).  Substantial 
 evidence is not a mere scintilla of evidence nor evidence viewed from one side, 
 but such evidence, when the whole record is considered, as would allow reasonable 
 minds to reach the conclusion the Full Commission reached.  Shealy, 
 341 S.C. at 455, 535 S.E.2d at 442.  It is not the task of the appellate court 
 to weigh the evidence as found by the Full Commission.  Id.
DISCUSSION
The Employer argues the circuit court erred in affirming 
 the decision of the Full Commission finding Lee had suffered a compensable injury.  
 We disagree.  
The Employer relies on the case of Sharpe v. 
 Case Produce, 336 S.C. 154, 519 S.E.2d 102 (1999).  We find its reliance 
 misplaced.  In Sharpe, the Single Commissioner found the claimant had 
 not sustained an injury by accident arising out of and in the course of his 
 employment.  The Full Commission and the circuit court affirmed.  In affirming, 
 the supreme court held, Whether there is any causal connection between employment 
 and an injury is a question of fact for the Commission. Sharpe, 336 
 S.C. at 159, 519 S.E.2d at 105.  The court further elucidated, [I]n deciding 
 whether substantial evidence supports a finding of causation, it is appropriate 
 to consider both the lay and expert evidence.  Moreover, in compensation proceedings, 
 where uncontroverted medical opinions are merely deductions drawn from certain 
 symptoms, the final conclusion remains with the triers of fact.  Id. 
 at 161, 519 S.E.2d at 106.  
In the present case, the Full Commission 
 held Lee had sustained a compensable work related injury to his back, when 
 he felt a pop in his leg as he was climbing a ladder.  [Lee] had a pre-existing 
 condition of osteoarthritis which was aggravated by this on the job injury. [1]   This finding is supported by both lay and expert evidence.  

Lee testified about how he had experienced 
 some soreness and then felt a pop in his leg as he climbed a ladder while 
 holding a fixture.  He stated that he had not experienced pain in his hip or 
 leg before he began working for the Employer.  Henry Hickson, who gave Lee rides 
 to and from work confirmed that before the day of the accident, Lee had a slight 
 limp but had been able to move freely.  However, on that day, he said he could 
 not get out of the car.  Dr. Milner opined, I believe the heavy work simply 
 aggravated his arthritic hip to the point where it was symptomatic.  Accordingly, 
 we find the Full Commissions determination that Lee had suffered a compensable 
 injury that had aggravated a pre-existing condition is supported by substantial 
 evidence.  
The Employer asserts the testimony of Moe Zandi, 
 the foreman of the construction site, supports the Single Commissioners conclusion 
 that Lee had not suffered a compensable accident.  Zandi testified that Lee 
 complained about his hips hurting when they were working on the slab phase of 
 the construction.  In addition, he stated that according to his records, Roy 
 Johnson, whom Lee claimed finished installing fixtures after he experienced 
 the popping in his hip, did not work on May 12, 1999, the dated Lee claimed 
 the incident occurred.  Zandi, however, confirmed that Johnson had worked on 
 May 11 and May 13, 1999.  Hickson testified that Lee was working with Johnson 
 on the day that Lee was not able to get out of the car.  
The possibility of drawing two inconsistent conclusions 
 does not prevent the Full Commissions conclusions from being supported by substantial 
 evidence.  Tiller v. Natl Health Care Ctr., 334 S.C. 333, 513 S.E.2d 
 843 (1999).  Furthermore, 

The Full Commission is the ultimate fact finder in 
 Workers Compensation cases and is not bound by the Single Commissioners findings 
 of fact.  Although it is logical for the Full Commission, which did not have 
 the benefit of observing the witnesses, to give weight to the Single Commissioners 
 opinion, the Full Commission is empowered to make its own findings of fact and 
 to reach its own conclusions of law consistent or inconsistent with those of 
 the Single Commissioner.  The final determination of witness credibility and 
 the weight to be accorded evidence is reserved to the Full Commission.  Where 
 there are conflicts in the evidence over a factual issue, the findings of the 
 Commission are conclusive.  

Etheredge v. Monsanto Co., 349 S.C. 451, 
 454-55, 562 S.E.2d 679, 681(Ct. App. 2002) (citations omitted).
As stated above, the Full Commissions 
 determination that Lee suffered a compensable injury is supported by substantial 
 evidence.  Accordingly, the order of the circuit court affirming the award of 
 temporary total benefits to Lee is 
 AFFIRMED.  
CURETON, ANDERSON, and HUFF, JJ., concur.  

 
 [1] See Tiller v. Natl 
 Health Care Ctr., 334 S.C. 333, 338, n.2, 513 S.E.2d 843, 845, n.2 (1999) 
 (stating where a previously existing condition or disease is aggravated by 
 injury or accident arising out of or in the course of employment and this 
 results in disability, there is a compensable injury)