THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 James Blassingame, Respondent,
 
 
 

v.

 
 
 
 Mount Vernon Mills, Inc. and Claim Management Services, Defendants,
 Of Whom Mount Vernon Mills, Inc. is the Appellant.
 
 
 

Appeal From Anderson County
 J. Cordell Maddox, Jr., Circuit Court Judge

Unpublished Opinion No.  2005-UP-153
Submitted January 1, 2005  Filed March 4, 2005

REVERSED

 
 
 
 Tracy Welsh Tiddy, of Greenville, for Appellant.
 Michael Smith, Logan, of Anderson, for Respondent.
 
 
 

PER CURIAM:  Mt. Vernon Mills, Inc., the Employer, appeals from the circuit courts order reversing the decision of the Appellate Panel of the Workers Compensation Commission in which the Panel held Claimant James Blassingame had failed to timely give notice to the Employer that he had sustained an injury at work.  We reverse. [1]     
FACTUAL/PROCEDURAL BACKGROUND
Blassingame worked in the shipping department of the Employer.  He alleged that on October 9, 2001, he injured his back while pulling a roll of cloth.  Blassingame stated that he immediately told his co-worker, Clarence Thomason that he had hurt his back.  Thomason confirmed that Blassingame had told him about the injury and that he advised him to report it to their supervisor, Lee Pruett.  Blassingame approached Pruett and told her his back was hurting.  Pruett went to her supervisor, Brian Pilgrim, because Blassingame had numerous occurrences on his work record from leaving work early.  Pilgrim and Pruett explained to Blassingame that because of the prior occurrences, he was possibly facing termination under company policy if he garnered additional occurrences.  Blassingame stated that when he was told that if he left work, he may be fired, he returned to work.  About thirty minutes later, he returned to Pruett to tell her that he had to leave because of his back pain.  Although Pruett acknowledged that Blassingame spoke to her about the back pain he was experiencing and asked to be allowed to leave and see a doctor, she denied that he told her he had been injured while working.  
Blassingame saw his family doctor, Dr. Winston Floyd, that day.  A week later, he presented an excuse from Dr. Floyd to Pruett.  In this excuse Dr. Floyd wrote:

 Mr. Blassingame was seen in this office on October 9, 2001, complaining of severe low back pain.  Examination at that time was suggestive of the possibility of disk disease.  He was started on Vioxx, 50 mg a day and placed on warm compresses and given a work excuse until the following Friday.  X-rays of the lumbar sacral spine were taken.
 When he returned for follow-up evaluation he had excellent response with Vioxx without complete resolution of the pain.  X-Ray exam showed extensive mild degenerative changes of the vertebral disk.  

By the time Blassingame presented the doctors excuse, the Employer had terminated his employment due to his absences.
Blassingame filed a Form 50 on February 5, 2002.  The Employer denied the claim, asserting in part that it was not given notice of the injury.  The Single Commissioner held Blassingame had properly notified the Employer of his work related accident and back injury.  She further held Blassingame had sustained a compensable work related injury and was entitled to medical treatment and temporary total compensation until he reached maximum medical improvement.  The Employer appealed this decision to the Appellate Panel of the Workers Compensation Commission.  The Appellate Panel reversed the decision of the Single Commissioner.  It held Blassingame failed to meet his burden of proof to establish he had given notice of his injury within 90 days as required by law.  It further held Blassingame had failed to give a reasonable excuse for not providing adequate notice and that the Employer was prejudiced by his failure to give notice.  Blassingame appealed to the circuit court, which reversed the decision of the Appellate Panel.  This appeal followed.  
STANDARD OF REVIEW
The Administrative Procedures Act establishes the standard of review for decisions by the South Carolina Workers Compensation Commission.  Lark v. Bi-Lo, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981).  This court can reverse or modify the Appellate Panels decision only if the appellants substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.  Shealy v. Aiken County, 341 S.C. 448, 454, 535 S.E.2d 438, 442 (2000); S.C. Code Ann. § 1-23-380(A)(6) (Supp. 2003).  Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the [Appellate Panel] reached.  Shealy, 341 S.C. at 455, 535 S.E.2d at 442.  The possibility of drawing two inconsistent conclusions does not prevent the Appellate Panels conclusions from being supported by substantial evidence.  Tiller v. Natl Health Care Ctr., 334 S.C. 333, 338, 513 S.E.2d 843, 845 (1999).
The Appellate Panel is the ultimate fact finder in workers compensation cases and is not bound by the single commissioners findings of fact.  Ross v. American Red Cross, 298 S.C. 490, 492, 381 S.E.2d 728, 730 (1989).  Although it is logical for the [Appellate Panel], which did not have the benefit of observing the witnesses, to give weight to the Single Commissioners opinion, the [Appellate Panel] is empowered to make its own findings of fact and to reach its own conclusions of law consistent or inconsistent with those of the Single Commissioner.  Etheredge v. Monsanto Co., 349 S.C. 451, 454-55, 562 S.E.2d 679, 681 (Ct. App. 2002).  The final determination of witness credibility and the weight to be accorded evidence is reserved to the [Appellate Panel].  It is not the task of this Court to weigh the evidence as found by the [Appellate Panel].  Shealy, 341 S.C. at 455, 535 S.E.2d at 442 (citations omitted). 
DISCUSSION

The Employer argues the circuit court erred in reversing the decision of the Appellate Panel of the Workers Compensation Commission.  We agree.
The statutory notice requirements provide:

 Every injured employee or his representative shall immediately on the occurrence of an accident, or as soon thereafter as practicable, give or cause to be given to the employer a notice of the accident and the employee shall not be entitled to physicians fees nor to any compensation which may have accrued under the terms of this Title prior to the giving of such notice, unless it can be shown that the employer, his agent or representative, had knowledge of the accident or that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity or the fraud or deceit of some third person.  No compensation shall be payable unless such notice is given within ninety days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby.

S.C. Code Ann. § 42-15-20 (1985).
This section does not provide a specific method of giving notice.  Hanks v. Blair Mills, 286 S.C. 378, 381, 335 S.E.2d 91, 93 (Ct. App. 1985).  The purpose of the notice provision is to actually put the employer on notice of the injury so it can investigate it immediately after its occurrence and can furnish medical care for the employee in order to minimize the disability and its own liability.  Id.  For adequate notice, there must be some knowledge of accompanying facts connecting the injury or illness with the employment, and indicating to a reasonably conscientious manager that the case might involve a potential compensation claim. Etheredge v. Monsanto Co., 349 S.C. 451, 457, 562 S.E.2d 679, 682 (Ct. App. 2002) (quoting Larsons Workers Compensation Law § 126.03[1][b] (2001)).  Although the provision for notice should be liberally construed in favor of claimants, there are limitations upon that rule and the statutory requirement cannot be disregarded altogether.  Mintz v. Fiske-Carter Constr. Co., 218 S.C. 409, 414, 63 S.E.2d 50, 52 (1951).
In Hanks, this court found the employer was put on notice based on the claimants medical and work history and by a letter from the company doctor, in which the doctor stated the claimant was suffering from chronic lung disease and recommended a transfer to an area having a dust level at or below the permissible exposure limits.  Similarly, in Etheredge, this court found a doctors letter, in which the doctor stated the claimant had acute muscle spasms and strains that were aggravated by overhead lifting, in addition to the claimants known work history as a draw/wind operator, which required her to lift heavy spools above her head, provided the employer with adequate notice.  In both Hanks and Etheredge, this court found the Commissions findings of adequate notice were supported by substantial evidence.  
Blassingame testified that he told Pruett that he had hurt his back pulling a roll of cloth.  His co-worker, Clarence Thomason, confirmed that Blassingame told him about his back injury.  He also stated he saw Blassingame speaking with Pruett, but did not hear what he said.  Blassingame presented medical notes from his orthopedist and physical therapist in which it is noted he stated he experienced an onset of back pain while pulling a roll and that he had reported this to his supervisor.  
Pruett and Pilgrim, however, denied Blassingame had blamed the pain of which he complained on a work-related injury.  Pruett testified, He had told me that he was, that he had hurt his back, that his back, actually he said that his back was hurting and that he wanted to go to the doctor.  She stated he never mentioned hurting his back while pulling the roll.  Pruett explained that it did not strike her as unusual that Blassingame requested to leave in order to see a doctor because he was always going somewhere.  She stated he had many occurrences on his record for leaving work for one reason or the other.  She explained that when she was talking to him on the day of the alleged accident, her main concern was whether he would be fired because of all of the occurrences.  She did not conduct any type of investigation into the cause of Blassingames back pain.  
Pruett stated that when Blassingame brought her the doctors excuse a week after his last day at work, he did not say anything to her about it.  Rather, he walked in, gave her the note, and walked out.  This doctors excuse does not specify that Blassingame injured his back at work.  
In addition, Blassingame had sustained a back injury in the past.  Pilgrim testified he was aware of Blassingames back problems and that he knew Blassingame was taking Vioxx before his termination.  He also stated that Blassingame had requested a medication called Back Well in the past.  
The circuit court held:  

 [T]he contradictory testimony of [Blassingames] supervisor is not sufficient to overcome the direct testimony of [Blassingame] that he advised his supervisor of his work related injury, the corroborating testimony of Clarence Thomason, medical evidence from the same day of the accident and later which shows that the Claimant reported a work related injury, and Dr. Floyds note and work excuse provided to the employer a few days after the accident.  

In making this finding, the circuit court improperly weighed the evidence.  The question in reviewing an appeal from the Appellate Panel is not whether there is substantial evidence to support the appealing partys position, but whether there is substantial evidence to support the decision of the Appellate Panel.  See Sharpe v. Case Produce, Inc. 336 S.C. 154, 161, 519 S.E.2d 102, 106 (1999) (finding that although there was evidence from which the Commission could have found the other way, there was also clearly evidence which would allow reasonable minds to reach the conclusion it reached, and thus the Court of Appeals erred in reversing the circuit courts affirmance of the Commissions decision).  We find substantial evidence does exist in this case to support the Appellate Panels decision that Blassingame failed to properly notify the Employer of his injury.  
Pruett and Pilgrim both testified that while Blassingame complained of back pain, he did not inform them that he had been injured while working.  They stated his request to leave was not unusual given his history of leaving work early.  Furthermore, they were aware that in the past Blassingame had some back problems for which he had taken Vioxx and requested additional medication from the Employer.  Considering these facts, the Appellate Panel could reasonably conclude that the doctors excuse, which did not specify Blassingame had sustained a work-related injury, was not enough to put the Employer on notice of a potential workers compensation claim.  
In addition, we find the Appellate Panels determination that the Employer was prejudiced by the lack of notice is supported by substantial evidence.  Pruett and Pilgrim both testified that if Blassingame had reported a work-related injury, the Employer would have conducted an investigation.  Because of Blassingames failure to provide adequate notice of his injury, the Employer was not able to conduct this investigation.  We furthermore find substantial evidence to support the Appellate Panels decision that Blassingame failed to provide a reasonable excuse for not providing notice.  
As substantial evidence exists in the record to support the findings of the Appellate Panel, the circuit court erred in reversing the Panels decision.  Accordingly, the order of the circuit court is 
REVERSED.
HUFF, KITTREDGE, and BEATTY, JJ., concur. 

 [1] We decide this case without oral argument pursuant to Rule 215, SCACR.