PREHEARING REPORT

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Cynthia Johnston, Respondent,
 
 
 

v.

 
 
 
 MeadWestvaco, Self Insured Employer, Appellant.
 
 
 

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-368
Submitted October 1, 2006  Filed October 26, 2006

AFFIRMED

 
 
 
 Kirsten L. Barr, of Mt. Pleasant, for Appellant.  
 Malcolm M. Crosland, Jr., of Charleston, for Respondent.
 
 
 

PER CURIAM:  Cynthia Johnston filed this workers compensation claim against MeadWestvaco, her employer.  Mead denied the claim based on Johnstons failure to provide timely notice of her injury.  A single commissioner of the South Carolina Workers Compensation Commission found Johnstons notice timely under the Workers Compensation Act.  The full commission and circuit court affirmed.  Mead appeals.  We affirm.[1]  
FACTS
Johnston asserted she sustained a work-related injury to her neck, back, and arms on September 25, 2002 as the result of a fall.  At the time, she noticed only a severe headache.  Sometime later, she realized she chipped a tooth.  Johnston finished working her shift the date of the accident, worked the next day, and lost no time as a result of the accident.  Johnston claimed she verbally notified her supervisor, Stephanie White, of the accident at a safety meeting sometime between September 25, 2002 and October 18, 2002.  Johnstons first visit to a doctor was on October 18, 2002.  
White admitted Johnston told her about the accident in mid-October but did not report that she had been injured.  White further admitted she not inquire about any possible injury.  Johnston formally notified Mead in writing on December 27, 2002, ninety-three days after the accident.  
The single commissioner found Johnstons testimony regarding verbal notice to Mead to be both credible and corroborated by Whites testimony.  Accordingly, the commissioner awarded benefits.  The full commission and circuit court affirmed.  
STANDARD OF REVIEW
The Administrative Procedures Act establishes the standard of review for decisions by the commission.  Lark v. Bi-Lo, Inc., 276 S.C. 130, 134-35, 276 S.E.2d 304, 306 (1981).  In an appeal from the commission, this court may not substitute its judgment for that of the commission as to the weight of the evidence on questions of fact.  S.C. Code Ann. § 1-23-380 (2005).  The appellate court may reverse or modify the commissions decision only if the claimants substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.  Id.   
LAW/ANALYSIS

Mead argues the commission erred in finding Johnston properly notified Mead of her accident as required by S.C. Code § 42-15-20 because Johnston did not report an injury until ninety-three days after the incident.  We disagree.
Under the applicable statutory and case law, Johnston provided notice to Mead.  The relevant statutory provision, section 42-15-20, requires an employee to notify the employer of a job-related accident within ninety days after its occurrence unless reasonable excuse is made for not giving such notice and the employer has not thereby been prejudiced.  S.C. Code Ann. § 42-15-20 (2005); Bass v. Isochem, 365 S.C. 454, 473, 617 S.E.2d 369, 379 (Ct. App. 2005).  Section 42-15-20 provides no specific method for providing notice, and there is no requirement in the statute of notice of injury in addition to notice of accident.  Id. 
Furthermore, according to South Carolina case law, a supervisors knowledge of an accident to an employee is sufficient notice to the employer to meet the statutory requirements.  See Etheredge v. Monsanto Co., 349 S.C. 451, 457, 562 S.E.2d 679, 682 (Ct. App. 2002) (quoting Larsons Workers Compensation Law § 126.03(1)(b) (2001) (For adequate notice, there must be some knowledge of accompanying facts connecting the injury or illness with the employment, and indicating to a reasonably conscientious manager that the case might involve a potential compensation claim.)).  The object of providing timely notice is to put the employer on notice so the incident can be timely investigated and to permit the employer to provide medical care to the employee in order to minimize the disability.  Hanks v. Blair Mills, 286 S.C. 378, 381, 335 S.E.2d 91, 93 (Ct. App. 1985).  The notice provision must be construed liberally in favor of claimants.  Mintz v. Fiske-Carter Constr. Co., 218 S.C. 409, 414, 63 S.E.2d 50, 52 (1951).
Applying our standard of review, we find substantial evidence to support the finding that Johnston properly notified Mead of the accident and injury.  Johnston provided notice of the September accident to White by October.  This notice is imputed to Mead.  See Etheredge, 349 S.C. at 457, 562 S.E.2d at 682.  We find evidence to support the commission.  Accordingly, the order on appeal is
AFFIRMED.  
HEARN, C.J., STILWELL, and KITTREDGE, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.