THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Bessie M.
 Magaha, Respondent,
 
 
 

v.

 
 
 
 Greenwood
 Mills, Inc., Appellant.
 
 
 

Appeal From Greenwood County
  J. Cordell Maddox, Jr., Circuit Court
 Judge

Unpublished Opinion No. 2008-UP-244
 Submitted April 1, 2008  Filed April 24,
 2008   

AFFIRMED

 
 
 
 Roy R. Hemphill, of Greenwood; for Appellant.
 Carole Marie Dennison, of Greenville; John S. Nichols, of Columbia; for Respondent.
 
 
 

PER CURIAM: 
 Greenwood Mills, Inc. (the Mill) appeals the circuit courts order in this
 workers compensation action.  We affirm.[1] 
FACTS
Bessie M. Magaha was employed with the Mill for over thirty years
 as a weaver.  In November of 1998, the Mill transferred Magaha to work on a larger
 loom.  Magaha alleged she sustained an injury to her right shoulder, arm, and
 hand.  She first sought treatment for the pain from her family doctor on
 January 11, 1999.  Magaha had two surgeries on her shoulder and sought payment
 of medical expenses and temporary total and permanent total disability.  The
 Mill denied Magaha sustained an injury by accident and alleges it did not
 receive notice of the injury until it received a Form 50 on December 29, 2000,
 almost two years after the alleged accident.
At the hearing before the single commissioner, Magaha argued she
 suffered repetitive trauma to her right shoulder after moving to the larger
 loom.  Magaha is five-feet, one-inch tall, was in her sixties at the time of
 the alleged accident, and has a seventh grade education.  Magaha testified she
 informed Ronnie Butler, her supervisor at the Mill, of problems with her
 shoulder on the first day she used the new loom.  At a prior deposition, Magaha
 testified she told Butler the soreness in her shoulder and arm was getting
 worse but did not explicitly tell Butler the soreness was related to her work. 
 She explained at the hearing that she figured he probably would [think] . . .
 that its something . . . from work.  Butler testified before the single
 commissioner that he did not remember whether Magaha told him about her injury. 
 Nor did he remember whether Magaha complained about the new loom.  Butler claimed he would have noted any complaints on Magahas attendance card, pursuant to
 the Mills policy.  Butler conceded Magaha was a good worker, retired without
 any warnings, and rarely, if ever, complained.  
Magaha began receiving short-term disability benefits in March or
 April of 1999.  On her application for short term disability, Magaha
 represented that her injuries were not work-related.  On cross-examination on
 the issue, Magaha testified that the Mill did not explain the short-term
 disability form to her and she did not remember checking a box on the form
 denying her injury was work-related.  Magaha has suffered a stroke, has had a
 guardian ad litem appointed for her, and could not remember whether the Mill
 helped her fill out the disability forms.    
After shoulder surgery in March of 1999, Magaha returned to work. 
 Within two weeks, the pain returned.  Magaha retired in July of 2000, had
 carpal tunnel surgery in October of 2000, and had a second shoulder surgery in
 February of 2002.  
Dr. Michael Bryant, Magahas treating physician, wrote the Mill
 after Magahas first consultation.  By letter dated January 19, 1999, Dr.
 Bryant informed the Mill:

 Ms. Magaha had been seen in my office on 1/11/99 with impingement
 syndrome with continued pain and discomfort.  She had some decreased strength
 secondary to the pain as well as pain on internal and external rotation of the
 right upper extremity . . . .  She is no longer doing the job that caused
 the impingement syndrome but continues to be debilitated at work working in
 pain. . . . I would appreciate your consideration in helping her cover this
 expense, as I think it will be less costly overall in her treatment. (Emphasis
 added.) 

The Mill
 stipulated it received this letter.   
The single commissioner found Magaha failed to prove a compensable
 injury and failed to give sufficient notice of having sustained an injury by
 accident.  With one dissent, the full commission adopted the findings of the
 single commissioner. 
Magaha
 appealed the issues of notice and compensability to the circuit court.  In
 closing arguments at the circuit court hearing, Magahas counsel argued:

 I think
 notice is everything.  If she gave notice that she started an investigation to
 see if it was work related.  Clearly the hearing commissioner was also
 concerned because . . . he asked the supervisor whether the [new loom] was
 bigger than the one she used to work on and he said it was, he admitted it was
 by probably an inch or two.  So, that crucial two inches is very important and
 it is going down to whether she had to stretch further.  And I think it is not
 appropriate and it is not fair and . . . [it] is not supported by substantial
 evidence.  They didnt even conduct any kind of investigation, it is not legal,
 it is not proper for them to take Dr. Bryants notes and put [them] in a
 personnel file without going out on the floor.  [Magahas supervisor] couldnt
 remember anything and that was one of the biggest problems in the case. . . .
 And if a proper investigation had been done, looking at the whole record then
 they would of (sic) found the case was compensable. 

The discussion portion of the
 circuit courts order states:  

 In this case, Dr. Bryant provided all the information
 that the Employer needed to properly investigate [Magahas] injury.  He told
 [the Mill] that a job change had caused the impingement syndrome, that Claimant
 was experiencing pain and discomfort in her right upper extremity which was her
 predominant arm for work, and that he was requesting that the Employer cover
 the expense of medical treatment.
 This information should have launched an investigation
 by the Employer into the specifics of Claimants medical problems and whether
 or not a work related injury had occurred.  Unfortunately for Claimant, the
 record does not contain any evidence that the Employer made any reasonable
 effort to determine the cause of the injury or to question the Claimant or
 plant personnel when their memories were still fresh.  Under these
 circumstances, the Employer would be unable to properly determine whether or
 not Claimants medical problems were work-related.
 As a further result, the Claimant was not afforded the
 opportunity to be provided medical care and treatment by the Employer.  If
 this injury is later conclusively deemed work related on remand, the
 Employer has lost the chance to supervise and to direct her medical care and
 treatment. (Emphasis added.)

The order concludes:

 The only evidence in the record is that Claimant has
 met the statutory notice requirements of Section 42-15-20 as a matter of law. 
 The decision of the Commission is hereby reversed and the matter is remanded to
 the Commission for further findings of fact consistent with this order.

The Mill
 appeals.  
STANDARD OF REVIEW
The Full
 Commission is the ultimate fact finder in Workers Compensation cases.  Etheredge
 v. Monsanto Co., 349 S.C. 451, 454, 562 S.E.2d 679, 681 (Ct. App. 2002). 
 The findings of the Commission are presumed correct and will be set aside only
 if unsupported by substantial evidence.  Id.  However, [s]ubstantial
 evidence is not a mere scintilla of evidence nor the evidence viewed blindly
 from one side of the case, but is evidence which, considering the record as a
 whole, would allow reasonable minds to reach the conclusion that the
 administrative agency reached or must have reached in order to justify its
 action.  Lark v. Bi-Lo, Inc., 276 S.C. 130, 135, 276 S.E.2d 304, 306
 (1981).  A court may reverse or modify a decision of the commission if
 substantial rights of a party have been prejudiced because the findings,
 inferences, conclusions, or decisions are affected by other error of law.  Etheredge,
 349 S.C. at 456, 562 S.E.2d at 682.
LAW/ANALYSIS

APPEALABILITY
Our
 initial consideration in this case centers on whether the circuit courts order
 is immediately appealable.  The Mill argues the circuit court reversed the
 commissions finding on the issue of timely notice but failed to rule on the
 issue of compensability of the injury and therefore the order is final and
 immediately appealable.  Magaha argues the circuit courts order remands the
 action for further proceedings and therefore the issue is not immediately
 appealable pursuant to Montjoy v. Asten-Hill Dryer Fabrics, 316 S.C. 52,
 446 S.E.2d 618 (1994).
The South Carolina appellate courts have consistently held that an order of the circuit court
 remanding a case for additional proceedings before an administrative agency is
 not directly appealable.  Montjoy, 316 S.C. at 52, 446 S.E.2d at 618. 
 However, our appellate courts also recognize that remand orders from the
 circuit court to an administrative agency may be immediately appealable where
 the circuit courts order constitutes a final decision on the merits and the
 remand order has no effect on the finality of the decision.  Foggie v.
 General Elec. Co., 376 S.C. 384, 389, 656 S.E.2d 395, 397 (Ct. App. 2008). 
 In Brown v. Greenwood Mills, Inc., this court found the circuit courts
 order finally determined an issue on the merits and the remand merely directed
 the commission to make the necessary findings to effectuate the circuit courts
 order.  366 S.C. 379, 387, 622 S.E.2d 546, 551 (Ct. App. 2005).  Viewing the
 order based on the Mills interpretation, solely for the issue of appealability,
 we find the order immediately appealable.
NOTICE
The
 Mill first argues the circuit court erred in reversing the commissions finding
 that Magaha gave timely notice of the accident.  We disagree.
Section
 42-15-20 of the Workers Compensation Act requires that every injured employee
 give the employer notice of a job-related accident within ninety days after its
 occurrence.  S.C. Code Ann. § 42-15-20 (Supp. 2007).  Section 42-15-20
 provides no specific method of giving notice, the object being that the
 employer be actually put on notice of the injury so he can investigate it
 immediately after its occurrence and can furnish medical care for the employee
 in order to minimize the disability and his own liability.  Bass v. Isochem,
 365 S.C. 454, 472-73, 617 S.E.2d 369, 379 (Ct. App. 2005).  The notice
 requirement is to be construed liberally in favor of claimants.  Etheredge,
 349 S.C. at 458, 562 S.E.2d at 683.  
The
 Mill conceded it received Dr. Bryants letter, in which he informs the Mill of
 Magahas injury and its relationship to her work.  In Etheredge, this
 court found a letter from the employees family physician provided notice to
 employer.  Id. at 458, 562 S.E.2d at 683.  In light of the law requiring
 the liberal construction of the notice provision of the Workers Compensation
 Act, we conclude Dr. Bryants letter provided notice to the Mill.   
COMPENSABILITY OF INJURY
The
 Mill next argues the circuit courts remand does not affect the commissions
 ruling on the compensability of Magahas injury, and thus the issue of
 compensability is law of the case.  We disagree.
Law
 of the case is a doctrine dissuading courts from revisiting settled issues. 
 John R. Knight, The Law of the Case Doctrine:  What Does it Really Mean?,
 43-Oct. Fed.R.Law. 8 (1996).  Where a litigant fails to appeal a ruling on a
 particular issue, that ruling becomes law of the case.  See Resolution
 Trust Corp. v. Eagle Lake & Golf Condominiums, 310 S.C. 473, 475, 427
 S.E.2d 646, 648 (1993) (finding an unappealed ruling is law of the case).
After
 a thorough review of Magahas notice of appeal to the circuit court, the
 transcript of the hearing, and the circuit courts order, we find the doctrine
 of law of the case does not apply.  First, Magaha raised the issue of compensability
 in her notice of appeal to the circuit court.  Furthermore, reading the circuit
 courts order as a whole, we find the emphasized language in the order
 indicates the circuit court expects the commission to revisit the issue of
 whether Magaha suffered an injury by accident arising out of and in the course
 and scope of her employment.  We recognize the circuit court did not
 specifically rule on the issue in the conclusion portion of the order. 
 However, given the circuit courts clear reversal on the issue of notice, there
 was no need for the court to remand with instructions for further findings of
 fact consistent with this order unless the court expected further proceedings
 on the issue of injury by accident.  
CONCLUSION
The
 circuit courts order reversing the commissions finding on notice and remanding
 the action to the commission for further proceedings on the issue of whether
 Magaha suffered an injury by accident arising out of and in the course and
 scope of her employment is  
AFFIRMED.
ANDERSON, SHORT, and THOMAS, JJ., concur.    

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.