THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Donnie Merck,
 Employee, Appellant,
 
 
 
 
 

v.

 
 
 
 
 J. D. Hollingsworth
 On Wheels, Inc., Employer, and Twin City Insurance Co., Carrier, Respondents.
 
 
 
 
 

Appeal from 
 the South Carolina Workers Compensation
Commission

Unpublished Opinion No. 2011-UP-178
 Submitted March 1, 2011  Filed April 19,
2011

AFFIRMED 

 

 
 
 
 John P. Mann, Jr., of Greenville, for
 Appellant.
 Duke K. McCall, Jr., and C. Frederic
 Marcinak, both of Greenville, for Respondents.
 
 
 

PER CURIAM:  Donnie
 Merck appeals a decision by the Appellate Panel of the Workers' Compensation
 Commission (the Appellate Panel) denying him total and temporary disability
 benefits and medical expenses for failing to sufficiently notify J. D.
 Hollingsworth on Wheels, Inc. (Employer) of injuries to his shoulder and knee within
 ninety days of when he discovered the injuries were work-related.  Merck argues
 the Appellate Panel erred in (1) applying the ninety-day notice requirement to
 his repetitive trauma claims; (2) barring his claims for failure to comply with
 that requirement; and (3) failing to grant an upward adjustment to his average
 weekly wage.  We affirm.[1]
"[T]his court can reverse or modify the Appellate
 Panel's decision only if . . . the decision is affected by an error
 of law or is clearly erroneous in view of the reliable, probative, and
 substantial evidence on the whole record."  Watt v. Piedmont Auto.,
 384 S.C. 203, 207, 681 S.E.2d 615, 617 (Ct. App. 2009) (citations omitted).  "Substantial
 evidence is not a mere scintilla of evidence, but evidence which, considering
 the record as a whole, would allow reasonable minds to reach the conclusion the
 agency reached."  Id. (citation and internal quotation marks
 omitted).
1. Merck first claims the ninety-day notice requirement does
 not apply to his claims because the 2007 amendments to the Workers'
 Compensation Act (the Act) impliedly remove the notice requirement in
 repetitive trauma cases.  We disagree.  
Under the Act, an
 employee must give notice to an employer "within ninety days of the date
 the employee discovered . . . his condition is
 compensable . . . ."  S.C. Code Ann. § 42-15-20(C)
 (Supp. 2010).  The 2007 amendments to the
 Act provide that a claimant's testimony cannot establish "cause" in a
 legal hearing, but those amendments do not directly state nor imply they affect
 the notice requirement.  See S.C. Code Ann. §
 42-1-172(B) (Supp. 2010) (providing that a repetitive trauma
 injury is not compensable "unless a commissioner makes a specific finding
 of fact . . . of a causal connection that is established by medical
 evidence between the repetitive activities that occurred while the employee was
 engaged in the regular duties of his employment and the injury"); id. § 42-1-172(C) ("'[M]edical evidence' means expert opinion or testimony
 stated to a reasonable degree of medical certainty, documents, records, or
 other material that is offered by a licensed and qualified medical physician.").  Notice requires only the employer's knowledge of facts that connect the
 injury with the employment, and it can be established
 by knowledge the injury occurred and of the claimant's work responsibilities.  Etheredge
 v. Monsanto Co., 349 S.C. 451, 459, 562 S.E.2d 679, 683 (Ct. App. 2002).  
2. As to whether the Appellate Panel erred in barring
 Merck's claims for failure to comply with the ninety-day notice requirement, we
 affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: S.C. Code Ann. § 42-15-20(C) (Supp. 2010) (stating a
 claimant cannot receive compensation for a repetitive trauma injury unless the
 claimant gives notice to the employer "within ninety days of the date the
 employee discovered . . . that his condition is compensable . . ."); Etheredge, 349 S.C. at 459, 562 S.E.2d at 683 ("[N]otice is
 adequate, when there is some knowledge of accompanying facts connecting the injury or illness with the employment, and signifying to a
 reasonably conscientious supervisor that the case might involve a potential
 compensation claim."); see also Watt, 384 S.C. at 207, 681
 S.E.2d at 617 ("The possibility of drawing two inconsistent conclusions
 does not prevent the Appellate Panel's conclusions from being supported by
 substantial evidence."); Bass v. Isochem, 365 S.C. 454, 473,
 617 S.E.2d 369, 379 (Ct. App. 2005) ("The burden is upon the claimant to
 show compliance with the notice provisions of section 42-15-20.").
3. As to whether the
 Appellate Panel erred in failing to grant an upward adjustment to his average
 weekly wage, we affirm pursuant to Rule 220(b)(1), SCACR, and the following
 authority: Bailey v. S.C. Dep't of Health, 388 S.C. 1, 8, 693 S.E.2d 426, 430 (Ct. App. 2010)
 (holding that an appellate court need not address remaining issues when a
 decision on a prior issue is dispositive).  
AFFIRMED.
HUFF, SHORT, and PIEPER, JJ.,
 concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.