**Willie BAXTER, Appellant,**

v.

**MARTIN BROTHERS, INC, Employer, and Capital City Insurance, Carrier, Respondents.**

No. 26142.

Supreme Court of South Carolina.

Heard March 9, 2006.

Decided May 1, 2006.

Stephen B. Samuels, of McWhirter, Bellinger & Associates, of Sumter, for Appellant.

Donald L. Van Riper, of Collins & Lacy, of Columbia, for Respondents.

Justice PLEICONES.

This is a workers' compensation case. A single commissioner of the Workers' Compensation Commission awarded attorney fees to Appellant Willie Baxter (Appellant) in connection with Appellant's motion to compel Respondents Martin Broth-

ers, Inc. and Capital City Insurance (Respondents) to comply with a consent order. The commission's appellate panel reversed the award of attorney fees, holding that under the Workers' Compensation Act,[1] the commissioner lacked authority to grant such an award. On further review, the circuit court affirmed the appellate panel's decision. We certified the case pursuant to Rule 204(b), SCACR, and we now affirm as modified.

## FACTS

After Respondents failed to satisfy most of the obligations imposed on them by the consent order, Appellant moved the commission to order Respondents to comply with the order and to hold Respondents in contempt. Agreeing with Appellant that Respondents had failed to comply with the consent order, the single commissioner ordered Respondents to "immediately comply" with the order and to "provide proof of compliance to [Appellant's] counsel within twenty days of the hearing." The commissioner further ordered Respondents to "pay $250.00 to [Appellant's] counsel for attorney's fees due as a result of bringing this Motion." The commissioner then held that if Respondents were to fail to provide the proof of compliance within twenty days, then Respondents would "be held in contempt" and "a further hearing [would] be held to determine appropriate penalties and sanctions for contempt."

Respondents appealed to the appellate panel, challenging only the award of attorney fees. Respondents argued that the commissioner lacked authority to award attorney fees in connection with the motion, because neither the consent order nor the Workers' Compensation Act provided such authority. *See Blumberg v. Nealco, Inc.*, 310 S.C. 492, 493, 427 S.E.2d 659, 660 (1993) (citing "[t]he general rule ... that attorney's fees are not recoverable unless authorized by contract or statute"). In response, Appellant argued that the rule that attorney fees can be awarded as a litigation expense only if permitted by statute or contract was inapplicable. Appellant asserted that the commissioner had awarded attorney fees not as an expense of bringing the motion to compel, but rather as a

---

1. S.C.Code Ann. §§ 42-1-10 *et seq.* (1976 and Supp.2005).

sanction for contempt pursuant to South Carolina Code sections 42–1–540 [2] and 42–3–150.[3]

The appellate panel reversed the award. The panel found that the single commissioner had awarded attorney fees as a litigation expense, not as a sanction for contempt. The panel then held that the commissioner lacked authority to award attorney fees as a litigation expense.

Appellant appealed to the circuit court, again arguing that the commissioner had properly awarded attorney fees as a sanction for contempt. The court agreed with Appellant as to the nature of the award, but nevertheless held that the decision of the appellate panel was correct. The court found that under the Workers' Compensation Act, the commissioner lacked a general power of contempt and therefore lacked authority to award attorney fees as a sanction for contempt. Thus, the court affirmed the decision of the appellate panel to reverse the award of attorney fees.

## ISSUES

I.   Whether the single commissioner awarded attorney fees as a litigation expense or as a sanction for contempt.

II.  Whether the single commissioner had authority to award attorney fees.

## ANALYSIS

■  South Carolina Code section 1–23–380(A)(6) [4] governs our review of workers' compensation decisions. *Shealy v. Aiken County,* 341 S.C. 448, 454, 535 S.E.2d 438, 442 (2000). We must determine whether the circuit court properly determined whether the appellate panel's findings of fact are supported by substantial evidence in the record and whether the panel's decision is affected by an error of law. *See id.* at 455, 535 S.E.2d at 442 (holding that the full commission is "the ultimate fact finder").

---

2.  S.C.Code Ann. § 42–1–540 (1976).

3.  S.C.Code Ann. § 42–3–150 (1976).

4.  S.C.Code Ann. § 1–23–380(A)(6) (2005).

## I.  NATURE OF THE AWARD

It is clear from the single commissioner's order that he awarded attorney fees as an expense of bringing the motion to compel, not as a sanction for contempt.  The commissioner did not even hold Respondents in contempt.  Rather, the commissioner warned that Respondents *would* be held in contempt if they failed to provide proof of compliance with the consent order within twenty days of the hearing.  Not only did this warning not constitute a holding of contempt, but also it related to the requirement that Respondents provide proof of compliance, not to their obligation to pay attorney fees.[5]

The circuit court therefore erred in reversing the appellate panel's finding that the single commissioner awarded attorney fees as a litigation expense.

## II.  AUTHORITY TO AWARD ATTORNEY FEES

As the appellate panel held, the single commissioner lacked authority to award attorney fees as a litigation expense. "The general rule is that attorney's fees are not recoverable unless authorized by contract or statute." *Blumberg v. Nealco, Inc.,* 310 S.C. 492, 493, 427 S.E.2d 659, 660 (1993).  Neither the consent order nor any statute provides for an award of attorney fees.  Although the circuit court failed to address the proper issue, the court reached the correct result in affirming the appellate panel's decision.  We therefore affirm as modified.

**AFFIRMED AS MODIFIED.**

TOAL, C.J., MOORE, WALLER, JJ., and Acting Justice ROGER L. COUCH, concur.

---

**5.** The record indicates that Respondent failed to comply with the single commissioner's order to comply with the consent order.  Appellant moved the full commission to compel and to hold Respondents in contempt.  The full commission referred the matter to the appellate panel for resolution contemporaneous with the resolution of this attorney-fee appeal.  The appellate panel decided the attorney-fee issue as discussed above, but remanded the case "to the jurisdictional commissioner for a hearing on the [second] Motion to Compel."  Consequently, whether Respondents are in contempt for violating the single commissioner's order to comply with the consent order is not before us.