THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Kevin
 Davideit/Keith Davideit, (Deceased), Employee, Appellant,
 v.
 ScanSource,
 Employer, and St. Paul Fire & Marine Ins. Co., Carrier, Respondents.
 
 
 

Appeal From Greenville County
 Edward W. Miller, Circuit Court Judge
Unpublished Opinion No. 2008-UP-279
Heard May 7, 2008  Filed May 29, 2008
AFFIRMED

 
 
 
 Malcolm M. Crosland, Jr., of Charleston, for Appellant.
 Donald L. Van Riper, of Greenville, for Respondents.
 
 
 

PER CURIAM: 
 In this action for death benefits, the circuit court affirmed the Workers
 Compensation Commissions (Commissions) denial of benefits for the death of
 Keith Davideit.  Kevin Davideit appeals on behalf of the decedent.  We affirm. 
   
FACTS
When he died, Keith Davideit was a forty-four-year-old employee of
 ScanSource.  Davideit had a seizure disorder that he managed by taking Dilantin. 
 He suffered only two seizures in thirteen years.  Sometime in the afternoon of
 May 9, 2003, Davideit left his work station and went to the mens restroom. 
 His co-workers later found him there, dead.  He was lying on his back in a
 stall with his pants around his knees, as if he had been sitting on the toilet
 and had fallen off.  A waste can partially covered his head, and he had
 aspirated some of the waste cans plastic liner.  A co-worker had to pull
 several times to remove the plastic liner from Davideits mouth.  
Dr. Michael Ward performed an autopsy at the request of the
 coroner and the medical examiners office.  The autopsy revealed
 atherosclerotic coronary vascular disease with seventy to seventy-five percent
 stenosis of the vessel lumen and acute pulmonary vascular congestion.[1]  Dr. Ward found Davideits somewhat
 enlarged heart (mild cardiomegaly) and his aspiration of the plastic liner
 contributed to his death.  
Dr. Ward testified he believed Davideit died from a heart attack
 caused by atherosclerotic coronary artery disease rather than from
 asphyxiation.  Dr. Ward prepared paraffin blocks during the autopsy, but they
 did not confirm asphyxiation as the cause of death.  He found mild pulmonary
 vascular congestion, meaning blood was backed up in the lungs blood vessels
 because the left side of the heart was not functioning properly near death.  Dr.
 Ward testified this condition corresponds directly with a heart attack but only
 indirectly with asphyxiation.  Dr. Ward conceded Davideit may have suffered a
 seizure as well as a heart attack.  The postmortem toxicology report found no
 Dilantin in his system.  Dr. Ward believed Davideit did not die immediately
 upon falling to the floor; rather, he continued breathing at least long enough
 to inhale the plastic liner.  However, Dr. Ward opined that Davideit would have
 died regardless of whether the plastic liner was in his throat.    
Six other doctors reviewed the records pertaining to Davideits
 death and autopsy, but none of them examined the body.  Five of those doctors
 theorized Davideit suffered a seizure, and four believed Davideit would have
 survived had he not aspirated the plastic liner.  One doctor found inadequate
 data to determine the cause of death with certainty but believed Davideit could
 have died from either a heart attack or asphyxiation.  
Davideits family sought workers compensation benefits for his
 death.  The single commissioner found Davideit died of a heart attack and
 denied benefits.  Both the appellate panel of the Commission and the circuit
 court affirmed.  This appeal followed.
STANDARD OF REVIEW
In
 reviewing workers compensation decisions, the appellate court ascertains whether
 the circuit court properly determined whether the appellate panels findings of
 fact are supported by substantial evidence in the record and whether the
 panels decision is affected by an error of law.  Baxter v. Martin Bros.,
 Inc., 368 S.C. 510, 513, 630 S.E.2d 42, 43 (2006) (citations omitted); see also S.C. Code Ann. § 1-23-380(A)(5) (Supp. 2007).  Substantial
 evidence is evidence which, considering the entire record, would allow
 reasonable minds to arrive at the same conclusion reached by the administrative
 agency.  S.C. Second Injury Fund v. Liberty Mut. Ins. Co., 353 S.C.
 117, 122, 576 S.E.2d 199, 202 (Ct. App. 2003).  The Administrative Procedures
 Act does not permit an appellate court to substitute its judgment for that of
 the Commission as to the weight of the evidence on questions of fact.  West
 v. Alliance Capital, 368 S.C. 246, 251, 628 S.E.2d 279, 282 (Ct. App. 2006).  
LAW/ANALYSIS
Davideit
 argues his death is compensable as a fall under the increased danger rule.  We
 disagree.
The
 appellate panel is the ultimate fact finder in Workers Compensation cases and
 is not bound by the single commissioners findings of fact.  Etheredge v.
 Monsanto Co., 349 S.C. 451, 454, 562 S.E.2d 679, 681 (Ct. App. 2002). 
 The final determination of witness credibility and the weight to be accorded
 evidence is reserved to the appellate panel.  Id. at 455, 562 S.E.2d at
 681.  Expert medical testimony is designed to aid the appellate panel in coming
 to the correct conclusion.  Corbin v. Kohler Co., 351 S.C. 613, 624, 571
 S.E.2d 92, 98 (Ct. App. 2002).  Therefore, the appellate panel determines
 the weight and credit to be given to the expert testimony.  Id. at 624,
 571 S.E.2d at 98.  When there is conflicting medical evidence, the findings of
 fact of the appellate panel are conclusive.  Nettles v. Spartanburg Sch.
 Dist. No. 7, 341 S.C. 580, 592, 535 S.E.2d 146, 152 (Ct. App. 2000).  [T]he
 possibility of drawing two inconsistent conclusions from the evidence does not
 prevent an administrative agencys findings from being supported by substantial
 evidence.  Corbin, 351 S.C. at 618, 571 S.E.2d at 95 (quoting Muir
 v. C.R. Bard, Inc., 336 S.C. 266, 282, 519 S.E.2d 583, 591 (Ct. App. 1999)).
I.  Substantial
 Evidence
Our
 first task in this matter is to determine whether the circuit court erred in
 finding substantial evidence supported the appellate panels findings of fact.  See Baxter, 368 S.C. at 513, 630 S.E.2d at 43.  The single
 commissioner, the appellate panel, and the circuit court all found Davideit
 died of a heart attack.  By contrast, Davideits argument on appeal hinges on
 the theory that he died from asphyxiation following a fall.  
The
 circuit court did not err in finding substantial evidence supported the
 decision of the appellate panel.  Following Davideits unwitnessed death, the appellate
 panel relied upon forensic evidence to determine the cause of death.  The
 appellate panel received and considered evidence including the coroners
 report, the medical examiners autopsy report and testimony, and opinions from
 six additional expert physicians.  Two likely causes of death emerged: heart
 attack and asphyxiation following a fall.  
A substantial amount of evidence supported the heart attack
 theory, including the observation that Davideits arteries suffered a seventy
 to seventy-five percent reduction in blood flow due to atherosclerosis.  In
 addition, blood had accumulated in his lungs, which suggested the left side of
 Davideits heart failed shortly before death.  Dr. Ward explained the lack of
 damage to the heart muscle by stating such damage generally becomes apparent
 only if the decedent survives the heart attack for at least six hours.  On the
 other hand, a substantial amount of evidence also supported the asphyxiation
 theory.  The waste cans plastic liner lodged deep in Davideits throat
 indicated a prolonged struggle to breathe.  Davideits history of a seizure
 disorder, coupled with the finding of no Dilantin in his system, offered a
 plausible explanation for a fall and subsequent inability to extricate himself
 from the overturned waste can.  However, Dr. Ward testified the paraffin blocks
 he prepared during the autopsy failed to establish asphyxiation as the cause of
 death.  Thus, the appellate panel had to decide between two competing and
 highly credible explanations for this death.  
The
 appellate panel made its decision by assigning different weights to the
 opinions of the expert physicians.  Of the physicians who offered opinions,
 only the medical examiner, Dr. Ward, had actually examined the body.  The
 opinions of all the other experts were obtained by the attorneys from both
 sides for the purpose of supporting their respective positions on the cause of
 death.  Whereas Dr. Ward personally examined the body and conducted the
 autopsy, and the other expert physicians merely reviewed records prepared by
 Dr. Ward and others, the appellate panel placed greater weight upon Dr. Wards
 opinion.  Consequently, the appellate panel subscribed to Dr. Wards theory of
 death by heart attack.  Because substantial evidence supported this theory,
 neither the appellate panel nor the circuit court erred in accepting it.  
II.  Error of Law
Having
 found the circuit court properly concluded substantial evidence supported the
 appellate panels findings of fact, we next turn to whether the appellate
 panels decision was affected by an error of law.  See Baxter,
 368 S.C. at 513, 630 S.E.2d at 43.  
An
 injury is compensable under the Workers Compensation Act (Act) if it occurs
 accidentally, arising out of and in the course of employment.  S.C. Code Ann.
 § 42-1-160(A) (Supp. 2007).  Generally, when an employees death is
 unexplained, unnatural, and accidental, courts presume the death arose out of
 employment when circumstances indicate the death took place within the time
 and space limits of the employment.  Bagwell v. Ernest Burwell, Inc.,
 227 S.C. 444, 451, 88 S.E.2d 611, 614 (1955).  Breaks taken to care for an
 employees personal comfort are incidental to employment, and events occurring
 during those breaks arise out of and in the course of employment.  Portee v.
 S.C. State Hosp., 234 S.C. 50, 54, 106 S.E.2d 670, 672 (1959).   However,
 specific rules relating to unexplained falls and heart attacks modify this
 rule, as indicated below.  
The
 standard we use to determine whether an employees death is compensable under
 the Act depends upon the cause of death.  Therefore, we evaluate the
 compensability of Davideits death from a fall using a different standard than
 the compensability of his death from a heart attack.  
A.  Fall
Under
 the increased danger rule, an unexplained fall is generally not compensable
 unless the employment contributed to either the cause or the effect of the
 fall.  Bagwell, 227 S.C. at 452-53, 88 S.E.2d at 614-15.  However, under
 the special risk rule:  

 The
 causative danger must be peculiar to the work and not common to the
 neighborhood.  It must be incidental to the character of the business and not independent of the relation of master and servant.  It need not have
 been foreseen or expected, but after the event it must appear to have had
 its origin in a risk connected with the employment, and to have flowed from
 that source as a rational consequence.

West v. Alliance Capital, 368 S.C. 246, 252, 628 S.E.2d 279, 282 (Ct. App.
 2006) (emphasis added; internal citations omitted).  Injuries are excluded from
 compensability under the Act when they come from a hazard to which the workmen
 would have been equally exposed apart from the employment.  Crosby, 330
 S.C. at 493, 499 S.E.2d at 255.  
Assuming
 arguendo Davideit died from the combination of a fall followed by asphyxiation,
 his death would not be compensable.  Davideit argues on appeal that the
 increased danger rule, and not the special risk rule, governs this matter.  We
 disagree.  We find these rules work in harmony with one another and are not
 mutually exclusive.  The special risk rule clarifies and limits the increased
 danger rule rather than competing with it.  For example, our supreme court
 denied compensation for death from an unexplained fall onto a concrete floor,
 despite recognizing that the hard concrete floor may have contributed to the
 severity of the employees injury.  Bagwell, 227 S.C. at 453, 88 S.E.2d
 at 615.  When the employee would likely have encountered the same hazard in any
 public place or private home, the increased danger rule did not apply.  Id. at 453, 88 S.E.2d at 615.  
Davideit
 asserts the most likely sequence of events leading to his death include a
 seizure or heart attack event while seated on the toilet, a resulting fall to
 the floor, and asphyxiation on the waste cans plastic liner while
 incapacitated by the seizure.  Because Davideits injury occurred within the
 time and space limits of [his] employment, we begin with the presumption that
 his death arose out of his employment.  See Bagwell, 227 S.C. at
 451, 88 S.E.2d at 614.  The personal comfort doctrine protects his claim from
 exclusion merely because his injury occurred during a restroom break.  See Portee, 234 S.C. at 54, 106 S.E.2d at 672.   Davideit argues his
 exposure to the waste cans plastic liner renders his death compensable under
 the increased danger rule.  However, Davideit does not assert his work at
 ScanSource exposed him to waste cans or plastic liners any more than any other
 aspect of his life.  In fact, no evidence supports the assertion that
 Davideits exposure to waste cans or plastic liners was incidental to the
 character of his work, or that he encountered those items more at work than in
 any other aspect of his life.  Consequently, we find the special risk rule renders
 Davideits death not compensable.  
B.  Heart
 Attack
A
 heart attack may be compensable if the death arose out of employment, in that
 it was brought about by unexpected strain or over-exertion, or as a result of
 unusual and extraordinary conditions of employment.  S.C. Second Injury
 Fund v. Liberty Mut. Ins. Co., 353 S.C. 117, 124, 576 S.E.2d 199, 203 (Ct. App. 2003) (quoting Jennings v. Chambers Dev. Co., 335 S.C. 249, 255, 516 S.E.2d
 453, 456 (Ct. App. 1999)).  Under the two-pronged heart attack standard, an
 injured employee must prove he suffered some unexpected exertion as part of his
 employment and the exertion caused his injury.  Id. at 125-26, 576
 S.E.2d at 204.  
Davideits
 death from a heart attack is not compensable.  Again, we begin with the
 presumption Davideits death arose from his employment and was not excluded
 from compensability merely because it occurred during a personal comfort
 break.  However, under the heart attack standard, a claimant must prove some unexpected
 strain or over-exertion or extraordinary condition of employment caused his
 heart attack.  Davideit does not argue, nor does the evidence indicate, that he
 experienced any unanticipated strain or exertion.  Furthermore, there is no
 indication that any such strain caused his heart attack.  Although Davideit
 does contend his ingestion of the plastic liner contributed to his death, he
 does not assert it caused his heart attack.[2] 
 Consequently, we find Davideits heart attack did not arise out of his
 employment, and it is not compensable.  
CONCLUSION
We
 find the circuit court properly concluded substantial evidence supported the
 appellate panels finding of death by heart attack and no error of law affected
 the appellate panels decision.  Therefore, the circuit court did not err in
 affirming the order of the appellate panel denying Davideit benefits. 
 Accordingly, the order of the circuit court in this matter is 
AFFIRMED. 
SHORT
 and KONDUROS, JJ., and CURETON, A.J., concur.

[1] Atherosclerotic coronary vascular disease, or
 atherosclerosis, is a condition in which plaque deposits in the arteries
 compromise blood flow.  Plaque comprised of deposits of cholesterol, fat,
 calcium, or other waste causes the arteries to narrow and harden.  The
 percentage of stenosis of the vessel lumen indicates how much of the original
 passage has become clogged.  According to the American Heart Association:

 Plaques
 can grow large enough to significantly reduce the bloods flow through an
 artery.  But most of the damage occurs when they become fragile and
 rupture.  Plaques that rupture cause blood clots to form that can
 block blood flow or break off and travel to another part of the body. If either
 happens and blocks a blood vessel that feeds the heart, it causes a heart
 attack.  If it blocks a blood vessel that feeds the brain, it causes a stroke.  

http://www.americanheart.org/presenter.jhtml?identifier=4440.  
[2] Even were he to make that argument, the special risk
 rule would bar compensability, as discussed above.