THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Lishawn Moore, Appellant,
 v.
 South Carolina Department
 of Corrections, Employer, and the State Accident Fund, Carrier, Respondents.
 
 
 

Appeal From Richland County
 G. Thomas Cooper, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2009-UP-089
Heard January 21, 2009  Filed February
 23, 2009    
REVERSED AND REMANDED

 
 
 
 Charles Edward Johnson, of Columbia, for Appellant.
 Andrew E. Haselden, of Columbia, for Respondent.
 
 
 

PER
 CURIAM:  The Appellate Panel of the South Carolina Workers'
 Compensation Commission (Appellate Panel) awarded benefits to Lishawn Moore. 
 The circuit court reversed this award, and Moore appeals.  We reverse.    
FACTS
Moore
 was employed by the South Carolina Department of Corrections (Department) as a
 corrections officer at Allendale Correctional Institution (ACI).  From June 1
 to June 3, 2004, Moore worked twelve-hour shifts, from 6:00 p.m. to 6:00 a.m. 
 Because she worked three days and was off two days, Moore was not scheduled to
 work June 4.  At the end of her shift on June 3, 2004, Moore left ACI and drove
 to her home in Denmark, thirty minutes away.  Upon arriving at home at about
 7:45 a.m., Moore received a telephone call from Officer Holman at ACI, asking
 if Moore had taken home a pair of handcuffs from ACI's Bamberg B-Wing.  Moore
 located the handcuffs in her jacket pocket.  Although Moore testified she
 believed she needed to return the handcuffs to ACI immediately, Officer Holman
 testified she told Moore she could do so the next time she came into work.[1]    
With
 her young son in the car, Moore drove back to ACI and returned the handcuffs. 
 The officer at the front gate, who was expecting Moore, accepted the handcuffs
 and returned them to Bamberg B-Wing.  After leaving ACI, Moore stopped at a
 convenience store and purchased a drink for her son.  She testified the next
 thing she remembered was waking up with her car off the highway, down an
 embankment, and crashed into a tree.  The injuries Moore sustained in the wreck
 left her paraplegic.   
The
 first single commissioner who reviewed Moore's claim for workers' compensation
 benefits held Moore's injuries were compensable.  The Department appealed, and
 the Appellate Panel remanded for a new hearing.  The second single commissioner
 also found Moore's injuries compensable, and the Appellate Panel affirmed.  The
 Department appealed to the circuit court, which reversed, holding Moore's claim
 was not compensable.  Moore appealed to this court.
STANDARD OF REVIEW
In
 reviewing workers' compensation decisions, the appellate court ascertains "whether
 the circuit court properly determined whether the [A]ppellate [P]anel's
 findings of fact are supported by substantial evidence in the record and
 whether the [Appellate P]anel's decision is affected by an error of law."  Baxter v. Martin Bros., Inc., 368 S.C. 510, 513, 630 S.E.2d 42,
 43 (2006) (citations omitted); see also S.C. Code Ann. §
 1-23-380(5) (Supp. 2008).  "'Substantial evidence' is evidence which,
 considering the entire record, would allow reasonable minds to arrive at the
 same conclusion reached by the administrative agency."  S.C. Second
 Injury Fund v. Liberty Mut. Ins. Co., 353 S.C. 117, 122, 576 S.E.2d 199,
 202 (Ct. App. 2003).  The Administrative Procedures Act does not permit an
 appellate court to "substitute its judgment for that of the [Appellate
 Panel] as to the weight of the evidence on questions of fact."  West v.
 Alliance Capital, 368 S.C. 246, 251, 628 S.E.2d 279, 282 (Ct. App. 2006); see also § 1-23-380(5).    
LAW/ANALYSIS
Moore argues the circuit
 court erred in reversing the Appellate Panel's award of benefits because the
 award was supported by substantial evidence in the record and was not affected
 by an error of law.  We
 agree.
In reviewing the Appellate Panel's decision, the circuit court's
 role is limited to determining whether substantial evidence in the record
 supports the Appellate Panel's findings of fact and whether the decision is
 affected by an error of law.  Baxter
 v. Martin Bros., Inc., 368 S.C. 510, 513, 630 S.E.2d 42, 43 (2006)
 (citations omitted); see also S.C. Code Ann. § 1-23-380(5) (Supp. 2008).
  
In
 reversing the Appellate Panel's decision in favor of its own interpretation of
 the evidence, the circuit court improperly extended the substantial-evidence
 standard of review.  Sitting in an appellate capacity, the circuit court was
 tasked with reviewing the Appellate Panel's decision to determine whether
 substantial evidence supported the Appellate Panel's findings.  See Baxter, 368
 S.C. at 513, 630 S.E.2d at 43; § 1-23-380(5).  Here, the circuit court made its own determinations of
 credibility, holding substantial evidence indicated Moore's trip was not done
 to advance the Department's interest and conferred no actual benefit on the
 Department.  At the same time, the circuit court failed to determine whether
 the Appellate Panel's findings were supported by substantial evidence.  Rather,
 the circuit court conducted its own evaluation of the merits of the case and
 improperly substituted its judgment for that of the Appellate Panel as to the
 weight of the evidence on questions of fact.  See West, 368 S.C. at 251, 628 S.E.2d at 282.  This expansion of
 the scope of review was error.    
Inasmuch
 as we have reversed the circuit court's decision because it impermissibly
 expanded the scope of its review, we need not reach whether application of the
 special errand doctrine amounted to an error of law.  See Futch v.
 McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591,
 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a
 prior issue is dispositive of the appeal).  
CONCLUSION
We
 find the circuit court impermissibly substituted its own judgment for that of
 the Appellate Panel in violation of the substantial evidence scope of review. 
 Therefore, the order of the circuit court is 
REVERSED
 AND REMANDED.
SHORT
 and KONDUROS, JJ., and CURETON, A.J., concur.

[1] Although testimony indicated Department policy
 required weapons to be returned immediately, the witnesses were aware of no
 such policy specifically pertaining to handcuffs and no other incidents
 involving handcuffs inadvertently removed from ACI.