THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Springs
 Industries, Appellant,
 v.
 South Carolina Second Injury Fund, Appellant.
 In Re:
 George Baker,
 Employee, Claimant,
 v.
 Springs
 Industries, Employer and Self-Insured Carrier, Respondent.
 
 
 

Appeal From York County
Lee S. Alford, Circuit Court Judge
Unpublished Opinion No. 2009-UP-189
Submitted April 1, 2009  Filed May 5,
 2009    
AFFIRMED

 
 
 
 Bradley
 H. Smith, of Charlotte, North Carolina, for Appellant.
 Latonya
 Dilligard Edwards, of Columbia, for Respondent.  
 
 
 

PER CURIAM:  Springs Industries, Inc., (Employer)
 sought reimbursement from the South Carolina Second Injury Fund for monies
 Employer paid to employee George Baker for a back injury that followed a right
 hip injury.  Employer now appeals from the order of the circuit court affirming
 the Appellate Panel's denial of reimbursement.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  
1.  As
 to whether the circuit court erred in finding the agreement for reimbursement
 of monies paid for Baker's hip injury was unambiguous and did not cover future
 injuries to body parts not expressly named in the agreement:  Baxter v.
 Martin Bros., Inc., 368 S.C. 510, 513, 630 S.E.2d 42, 43 (2006) (limiting
 reviewing court's scrutiny to whether Appellate Panel's findings of fact are
 supported by substantial evidence and whether its decision is affected by an
 error of law); Silver v. Aabstract Pools & Spas, Inc., 376 S.C. 585,
 591, 658 S.E.2d 539, 542 (Ct. App. 2008) (holding whether the language of a
 contract is ambiguous is a question of law to be determined by the court by
 examining the entire contract and not merely whether certain phrases taken in
 isolation could be interpreted in more than one way, requiring the intent of
 the parties to be gleaned from the clear and unequivocal language of the
 contract, and prohibiting courts from inserting words into a contract
 expressing an intent wholly omitted by the parties upon execution thereof).  
2.  As
 to whether the circuit court erred in declining to construe the agreement to
 provide for reimbursement for future injuries that are the natural consequence
 of Baker's hip injury, our above holding renders this issue moot:  Mathis v. S.C. State Highway Dep't, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973)
 (holding an issue is moot when a judgment rendered by the court will have no
 practical legal effect upon an existing controversy and declining to address
 moot or academic questions).  
AFFIRMED.
SHORT,
 THOMAS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.